PESQUERA DEL PACIFICO, S. DE R. L. et al., Petitioners,
v. THE SUPERIOR COURT OF SAN DIEGO COUNTY
et al., Respondents.

Luce, Forward, Kunzel & Scripps for Petitioners.

Robert O. Staniforth, Stickney & Stickney and Edward Strop for Respondents.

MUSSELL, J.—In this application for a writ of prohibition petitioners seek to restrain the Superior Court of San Diego County from taking any further proceedings in an action pending between Thomas P. Gonzalez and Ventura Blanco, as plaintiffs, and Pesquera del Pacifico S. de R. L., Abelardo L. Rodriguez et al., petitioners herein.

The action herein involved was commenced on December 5, 1945, and was for damages in the sum of $38,088.10, as the result of the seizure of raw shelled clams by the defendants. Answer was filed and the matter set for trial. Defendants moved for a continuance on the grounds that another action involving the same parties and the same subject matter was pending before the courts of Mexico. The motion for a continuance was denied and these proceedings followed.

It appears from affidavits in support of the petition that on January 7, 1945, the defendant Pesquera del Pacifico, S. de R. L., hereinafter referred to as the company, executed a "purchase-sales contract" for all clams caught in Lower California by certain "cooperatives" and advanced various sums of money for the purchase of equipment and material to develop clam-digging operations; that on or about March 21, 1945, certain of the "cooperatives," in violation of the contract of January 7th, entered into an agreement with plaintiffs' predecessors and assignors for the purchase and sale of clams; that on July 14, 1945, the company and others commenced an action in the Judicial District of Ensenada, Republic of Mexico, against certain of the "cooperatives" and Gonzalez and Blanco, alleging a violation of the contract of January 7th and seeking the cancellation of the contract of March 21, 1945; that the parties to the action stipulated that Gonzalez and Blanco could continue to take clams from certain of the cooperatives and that such cooperatives would install their fishing camps at places other than those used to supply the company; that this stipulation was approved by the court and embodied in its final decision dated August 29, 1945; that on October 30, 1945, the company filed a further petition in said action alleging a violation of the stipulation and judgment in that Gonzalez and Blanco and others had taken clams from clam beds that were being worked by cooperatives supplying the company; that the court obtained reports from the captain of the port of Ensenada and the fish inspector that Gonzalez and Blanco had violated the stipulated judgment; that on November 29, 1945, the court ordered that all clams consigned to Gonzalez and Blanco on board two vessels in the

port of Ensenada be placed at the disposition of the court; that by court order the clams were industrialized by the company and a bond posted in lieu of the cash received from the sale; that Gonzalez and Blanco filed a petition for a writ of review with the court, which petition was denied December 5, 1945. Gonzalez and Blanco then filed an application in the District Court of Lower California for an order directing the court of first instance of Ensenada to review its order; that following a denial of this application an appeal was taken to the Supreme Court of the United States of Mexico for writ of review; that the Supreme Court revoked the "sentence" of the district judge under review which stayed the proceedings therein because of lack of foundation, and returned the file to the lower court for further action. The Court of First Instance in Ensenada, on December 5, 1948, in compliance with the order of the Supreme Court of Mexico, conducted further hearings which resulted in a ruling that there was no reason to revoke the court's order of November 27, 1945.

■ The pendency of the action in the Republic of Mexico is not a bar to the institution of another action between the same parties and for the same cause of action in the courts of California, nor was it the duty of the superior court to stay the action pending the determination of the earlier suit in Mexico, even though the entire controversy might be there disposed of. As a matter of comity, although not a matter of right, the court had power to continue the case if the circumstances warranted such action. (15 C.J. p. 1183; 21 C.J.S. § 548, p. 855.)

As is said in 1 American Jurisprudence, page 42:

"The reason why the pendency of an action in the courts of one sovereignty will not abate an action in the courts of another sovereignty is twofold: First, because a foreign judgment depending on foreign law might be unjust, and could not be enforced beyond the jurisdiction of the foreign court without a new suit on it as only prima facie evidence; and second, and chiefly, because the remedy in the country where the last suit is brought may be more adaptable and safe, and means for effectuating a judgment may be found in the latter and not in the former country."

■ If one action is to abate another, it is not only necessary that both suits be pending at the same time, for the same cause, and between the same parties, but it is also necessary that both suits be pending in the same jurisdiction. (*Hatch* v. *Spofford,* 22 Conn. 485 [58 Am.Dec. 433].) As was said in

*Dodge* v. *Superior Court,* 139 Cal.App. 178, 181 [33 P.2d 695] :

"The true reason for such rule . . . is that 'every country or state is entirely sovereign and unrestricted in its powers, whether legislative, judicial or executive, and hence does not acknowledge the right of any other nation to hinder its own acts and proceedings . . .; and therefore the courts of a country where a second suit is brought will not dismiss a suitor merely because initiatory steps have been taken elsewhere.' "

The court there held that it was within the discretion of the court in which the second action was pending to stay the same until after the decision of the first and that the principle of comity between states calls for the refusal on the part of the courts of this state to proceed to a decision before the termination of the prior action. The court then said that the fact that the first case therein, after a long trial, had resulted in a decision on the merits which was before the Supreme Court of the state on appeal, would make a refusal to stay the second action "almost" an abuse of discretion. ▇ In the instant case, evidence, oral and documentary, was submitted upon which the trial court found there was no satisfactory proof or evidence to show that any or all of the issues presented in the suit pending in Mexico are identical with or similar to the issues before him; that it did not appear from the evidence that the issue of title to the clams in dispute had been raised or adjudicated in the action in Mexico; that it did not appear that the decision of the Supreme Court of Justice of Mexico was res judicata as to any issue or issues presented by the complaint therein and that the action could be as conveniently tried in the San Diego court as in the courts of Mexico. It is apparent that the ruling on the motion for continuance based on these findings was a matter entirely within the discretion of the trial court and we cannot say that there was an abuse of discretion in the denial of the motion. We conclude that the trial court should be permitted, if it so desires, to proceed with the pending action in San Diego.

The petition is denied and the alternative writ is discharged.

Barnard, P. J., and Griffin, J., concurred.