## REICH v. NATIONAL UNION FIRE INS. CO.

### Civ. A. No. 701.

United States District Court
N. D. Texas, Wichita Falls Division.
July 20, 1953.

Touchstone & Bernays, Dallas, Tex., for the motion.

Jones, Parrish & Fillmore, Wichita Falls, Tex., opposed.

ATWELL, Chief Judge.

The loss which the plaintiff claims under the policy amounted to $11,591.60, and occurred in Venezuela where he was working for an oil company, as engineer.

The defendant moves to dismiss on the ground that the policy is in Spanish, issued under the Venezuela law, and that the witnesses reside in that province.

The plaintiff is a resident of Dallas, Texas, and the defendant is a citizen of the United States, with an office in Dallas, and has a permit to do business in Texas.

The defendant pleads that a forum of Venezuela would be more convenient and appropriate.

As I conceive the doctrine of convenience, it relates to the right of a national court to transfer from one state to another in the United States, and not to transfer a case from the United States to a foreign state, though there may be instances where such a suit might be dismissed.

There is, however, no equitable ground upon which the court can act in this case for the support of an order of dismissal. The plaintiff has chosen his forum. He is a citizen of Texas, and of the United States. The defendant is a citizen of the United States with a permit to do business in Texas, and an agent in Texas, upon whom service was had.

Authorities which are in point, and actually helpful have not been discovered by counsel for either side, nor by the court, but some of them are Koster v. (American) Lumbermens Mutual Cas. Co., 330 U.S. 518, 67 S.Ct. 828, 91 L.Ed. 1067, which is somewhat supportive of the plaintiff's position. In that case Mr. Justice Jackson called attention to the balancing of conveniences which was found to be in favor of the plaintiff. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055, treated of a case which might find an appropriate forum in either New York, or Virginia, but forum non conveniens was not granted. In that case the court found there were two forums in which the defendant was amenable to process. Also the private interests of the litigants. The relative ease of access to source of proof. The availability of compulsory process for attendance of unwilling witnesses. The cost of obtaining attendance of unwilling witnesses. Relative advantages and obstacles to a fair trial and all other particular problems that make the trial of a case easy, expeditious, and inexpensive. Factors of public interests, such as relative administrative difficulties that follow for courts when litigation is piled up in congested centers; the burden of jury duty; the appropriateness of the forum in determining the correct law.

Each of those thoughts is satisfied in the present case by leaving the case in the forum where it was filed by the plaintiff.

In the case of De Sairigne v. Gould, D.C., 83 F.Supp. 270, Gould was sued by a citizen of France for the breach of an agreement that Gould had made in France. The

Federal Court in New York declined to entertain jurisdiction on the ground of forum non conveniens, for the reason that the laws of France were inconsistent with the laws of the United States, and all of the necessary witnesses were residents of France, and the defendant Gould appeared to have sufficient assets in France to meet any judgment which the plaintiff might obtain.

The reading of that particular case shows how correct the trial judge was because the plaintiff in that case had taken care of Gould for a number of years under an agreement as to payment.

Believing that it would be improper to dismiss this action, the motion of the defendant must be overruled.