■ SAMUEL FRANCO, Appellant, v. STANDARD MARINE INSURANCE COMPANY, LIMITED, Respondent.— Determination of the Appellate Term, the order of the City Court and the judgment entered thereon, are reversed, on the law and on the facts, with costs to the appellant in this court and in the Appellate Term,

and the motion to vacate the service of process and to dismiss the complaint is denied. We agree that the doctrine of *forum non conveniens* is not a bar to this suit, the plaintiff assignee being a New York resident (*Wagner* v. *Braunsberg*, 5 A D 2d 564). However, we do not agree that the maintenance of this action would constitute an unreasonable burden on foreign commerce. To require a defendant to defend an action in this State where such defendant is actively doing business here on a substantial and regular basis does not impose such a burden as would require its dismissal (*Hirliman* v. *Southern Pacific Co.*, 268 App. Div. 192). This defendant has been authorized to conduct business here since 1889 and for at least 20 years, in conjunction with its resident managers, has maintained an office at John Street, which occupies the greater portion of two floors and where it employs some 70 persons. The fact that the principal witnesses reside either in Hong Kong or Venezuela does not require a contrary conclusion. Clearly, the institution of the action at defendant's home office in London would not obviate the inconvenience of obtaining the testimony of such witnesses. Nor would the choice of Hong Kong or Venezuela — if indeed jurisdiction over the defendant could be obtained at such places — do more than somewhat lessen this problem. In the circumstances the prosecution of this action here does not result in such a burden on foreign commerce as would mandate a dismissal. Concur — Botein, P. J., Breitel, Rabin and McNally, JJ.; M. M. Frank, J. deceased.