[L. A. No. 29343. In Bank. May 25, 1967.]

WALDEMAR THOMSON, Plaintiff and Appellant, v. CON-
TINENTAL INSURANCE COMPANY et al., Defendants
and Respondents.

Waldemar Thomson, in pro. per., for Plaintiff and Appellant.

Thomas P. Menzies and James O. White for Defendants and Respondents.

PETERS, J.—Plaintiff appeals from a judgment of the Superior Court of Los Angeles County dismissing his action on the basis of *forum non conveniens.* The primary question presented on appeal is under what circumstances, if any, may an action brought by a resident of California in California courts be dismissed on the ground that the forum selected by the plaintiff is inconvenient.

The allegations of the complaint may be summarized as follows: Plaintiff, at all relevant times a resident of California, owned real property in Houston, Texas. He insured this property with defendants Continental and Trinity Universal insurance companies. In 1961 the premises were damaged by winds and vandals. Plaintiff filed timely proof of loss and began negotiations with defendant General Adjustment Bureau in regard to settlement of his claims. The defendants refused to settle and entered into a civil conspiracy to coerce plaintiff to accept for his losses a sum representing only a small fraction of the actual damages. In the course of the conspiracy Trinity and Continental canceled their policies with plaintiff and so damaged his reputation in the business

community that no company would offer him insurance. He seeks recovery for breach of the insurance contracts and for various damages caused by the conspiracy.

In September 1962 plaintiff filed suit against the three defendants in the federal District Court for the Southern District of California, alleging facts as summarized above. The defendants moved for a change of venue for the convenience of parties and witnesses. (28 U.S.C. § 1404, subd. (a).[1]) In June 1963 this motion was granted, and the action was transferred to the federal District Court for the Southern District of Texas, Houston Division. In Texas, plaintiff filed an amended complaint, and defendants filed an answer. Plaintiff states that by further amendments he has dropped the civil conspiracy charges in the Texas action and is proceeding there solely on a theory of breach of the contracts of insurance. At the time of oral argument of the instant appeal, the posture of the Texas action had not changed, and no trial date had been set.

Later in 1963 plaintiff filed suit in the Superior Court of Los Angeles County. The complaint is substantially identical to the complaint originally filed in federal court and includes the civil conspiracy allegations. Defendants filed an answer and at the same time filed notice of motion to dismiss the California action on the basis of *forum non conveniens*. In an affidavit supporting the motion, counsel for the defendants set out the pendency of the suit in Texas federal court and alleged that the insurance policies involved were issued in Texas, that the property damaged is located in Texas where it can be viewed by the trier of fact, and that the acts of defendants complained of occurred in Texas. It was also alleged that defendants intended to call seven witnesses who had examined plaintiff's premises shortly after they were damaged. Five of these witnesses reside in Houston, Texas, one in Paris, Texas, and one in Long Beach, Mississippi. The attorney noted that the cost of flying these witnesses to Los Angeles was considerable and concluded that the Los Angeles Superior Court was a highly inconvenient forum.

The trial judge granted defendants' motion, stating in his order: ''Suit for breach of an insurance contract. The contract was made in Texas, the insured property is real

---

[1]Subdivision (a) of § 1404 of tit. 28 U.S.C. provides: ''For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.''

property in Texas, the alleged damage occurred in Texas, and the defendants' witnesses are in Texas. On these facts a dismissal on the ground of *forum non conveniens* is warranted. . . . '' Thereafter, plaintiff, who had not submitted a timely affidavit in opposition to defendants' motion for dismissal, moved the trial judge to vacate his order on grounds of extrinsic fraud and mistake. Plaintiff alleged that he had not received a copy of defendants' notice of motion to dismiss for five days after it was filed (seven days before the motion was made in court) and that defense counsel had refused to stipulate to a continuance of the motion. Since plaintiff's attorney was then engaged in another trial, it is alleged that plaintiff was deprived of an opportunity to prepare to oppose defendants' motion to dismiss. In his order denying plaintiff's motion to vacate, the trial judge indicated that he considered the pendency of the action in Texas to be an alternative ground for dismissing the California suit.

Plaintiff then filed his notice of appeal from the judgment of dismissal and from the order refusing to vacate the dismissal for extrinsic fraud.

■ The doctrine of *forum non conveniens* does not permit the dismissal of plaintiff's California action. That doctrine is typically applied to litigation where all of the parties are out-of-state residents and where the cause of action arose outside the forum state. (E.g., *Price* v. *Atchison, T. & S. F. Ry. Co.*, 42 Cal.2d 577 [268 P.2d 457, 43 A.L.R.2d 756].) *Forum non conveniens* has only an extremely limited application to a case where, as here, the plaintiff is a bone fide resident of the forum state. As this court observed in *Goodwine* v. *Superior Court*, 63 Cal.2d 481, 485 [47 Cal.Rptr. 201, 407 P.2d 1]: ''A determination that a plaintiff is domiciled here would ordinarily preclude granting the defendant's motion for dismissal on the ground of *forum non conveniens*.''

■ This limitation on the *forum non conveniens* doctrine reflects a state policy that California residents ought to be able to obtain redress for grievances in California courts, which are maintained by the state for their benefit. (Cf. *One Hundred & Ninety-Four Shawls* (S.D.N.Y.) 18 F.Cas. 703, 705 (No. 10,521); *Empire Steel Corp* v. *Superior Court*, 56 Cal.2d 823, 833 [17 Cal.Rptr. 150, 366 P.2d 502]; *Root* v. *Superior Court*, 209 Cal.App.2d 242, 247 [25 Cal.Rptr. 784].) This state is concerned with the welfare of California residents (see Rest.2d Conflict of Laws (Tent. Draft No. 4) § 117e, com. f) and has ''a decided interest in assuring that

its citizens are not denied damages because of the inconvenience or expense of bringing suit in a distant jurisdiction." (*Cecere* v. *Ohringer Home Furniture Co. Div. of Tilmore Corp.*, 208 Pa.Super. 138 [220 A.2d 350, 356].)

The restricted operation of *forum non conveniens* in cases where plaintiff is a local resident is acknowledged in every state where the *forum non conveniens* doctrine has been adopted. (See 20 Am.Jur.2d, Courts, § 178, pp. 517-518; Comment, 29 U.Chi.L.Rev. 740, 744.) In several jurisdictions, led by New York, a *forum non conveniens* dismissal is never permissible if either plaintiff or defendant resides in the forum state. (*De la Bouillerie* v. *De Vienne*, 300 N.Y. 60 [89 N.E.2d 15, 48 A.L.R. 798]; *Franco* v. *Standard Marine Ins. Co.*, 11 App.Div.2d 643 [201 N.Y.S.2d 230]; *Wagner* v. *Braunsberg*, 5 App.Div.2d 564 [173 N.Y.S.2d 525]; *Marx* v. *Katz*, (Sup.Ct.) 20 Misc.2d 1084 [195 N.Y.S.2d 867]; cf. *Dietrich* v. *Texas National Petroleum Co.* (Del. Super.) 193 A.2d 579; *Hill* v. *Upper Mississippi Towing Corp.* 252 Minn. 165 [89 N.W.2d 654, 659].)

Other jurisdictions define *forum non conveniens* as a doctrine that applies when all the litigants are nonresidents. (E.g., *Hagen* v. *Viney*, 124 Fla. 747 [169 So. 391, 392]; *Harbrecht* v. *Harrison*, 38 Hawaii 206, 209; *Loftus* v. *Lee* (Mo.) 308 S.W.2d 654, 658; *Elliott* v. *Johnston*, 365 Mo. 881 [292 S.W.2d 589, 593]; *Forcum-Dean Co.* v. *Missouri Pacific R.R. Co.* (Tex.Civ.App.) 341 S.W.2d 464, 465.) Adherence to this definition of *forum non conveniens* would preclude dismissal for *forum non conveniens* reasons of a suit brought by a local resident.

A few states, led by Massachusetts, hold as a general rule that jurisdiction must be retained if one of the litigants is a resident of the forum state. (*Cressey* v. *Erie R. Co.*, 278 Mass. 284 [180 N.E. 160, 163].) But exceptions have been carved out for particular classes of cases, as where the resident litigant is merely an assignee of a foreign creditor (*Universal Adjustment Corp.* v. *Midland Bank*, 281 Mass. 303 [184 N.E. 152, 87 A.L.R. 1407]) or administrator of a nonresident decedent (*Atchison, Topeka & Santa Fe Ry. Co.* v. *District Court* (Okla.) 298 P.2d 427).

The approach taken in most federal court cases (and in a few states) is to consider a litigant's residence in the forum state "a fact of 'high significance'" which helps to weight the balance of convenience in his favor. (*Koster* v. *Lumbermens Mutual Co.*, 330 U.S. 518, 525 [91 L.Ed. 1067, 67 S.Ct.

828] ; *Gonzales* v. *Atchison Topeka & Santa Fe Ry. Co.*, 189 Kan. 689 [371 P.2d 193, 199] ; cf. *Vandam* v. *Smit*, 101 N.H. 508 [148 A.2d 289, 291] ; *Marshall* v. *Geo. M. Brewster & Son, Inc.*, 37 N.J. 176 [180 A.2d 129, 135] ; *Gore* v. *United States Steel Corp.*, 15 N.J. 301 [104 A.2d 670, 672-676] ; *Lau* v. *Chicago & North Western Ry. Co.*, 14 Wis. 329 [111 N.W.2d 158, 162-163].) Under the federal approach the local litigant will "not be deprived of the presumed advantages of his home jurisdiction except upon a clear showing of facts which either (1) establish such oppressiveness and vexation to a defendant as to be out of all proportion to plaintiff's convenience, which may be shown to be slight or nonexistent, or (2) make trial in the chosen forum inappropriate because of considerations affecting the court's own administrative and legal problems." (*Koster* v. *Lumbermens Mutual Co., supra*, 330 U.S. 518, 524.[2]

■ The judgment of dismissal in the instant case must be reversed whether we apply the strict New York rule, the Massachusetts approach, or the federal rule enunciated in *Koster, supra*. Plaintiff is concededly a bona fide resident of California suing in his own right. The facts alleged in defendants' affidavit do not overcome the reasonable presumption that it is convenient for plaintiff, a Californian,

[2]Because the federal court system is nationwide, in most *forum non conveniens* cases the federal courts need not take account of the sovereign's interest in keeping the doors of its courts open to its citizens. The typical *forum non conveniens* dismissal in federal court simply requires the plaintiff to refile his suit in a more convenient federal district court. Thus the federal rule stated in *Koster, supra*, looks solely to convenience factors and considers a litigant's local residence as logically requiring a stronger showing of inconvenience by the party seeking dismissal. (In the ordinary *forum non conveniens* case where all litigants are nonresidents of the forum district, the balance is already weighted in the plaintiff's favor simply because he has chosen to bring suit in a court which has jurisdiction over the controversy and the parties. (*Gulf Oil Corp.* v. *Gilbert*, 330 U.S. 501, 508 [91 L.Ed. 1055, 67 S.Ct. 839].) The precise effect of *Koster's* tipping the balance twice in favor of a local plaintiff is unclear.) *Parens patriae* policies, which state courts must grapple with, play no part in the *Koster* rule. However, when defendant is a domiciliary of a foreign nation so that the alternative forum in the event of a *forum non conveniens* dismissal of an American plaintiff's suit is abroad, a number of federal decisions abandon the "fact of high significance" test of *Koster*. They will not relegate the American plaintiff to a foreign tribunal (*Reich* v. *National Union Fire Ins. Co.* (N.D. Tex.) 114 F.Supp. 202) unless, perhaps, he is not suing in his own right but in the shoes of a foreigner (*United States M. & S. Ins. Co.* v. *A/S Den Norske A. Og A. Line* (2d Cir.) 65 F.2d 392; *Stewart* v. *Godoy-Sayan* (S.D.N.Y.) 153 F.Supp. 544.) Such cases evince a tacit recognition of the policies underlying the New York and Massachusetts approach to *forum non conveniens* and our decision of *Goodwine* v. *Superior Court, supra*, 63 Cal.2d 481, 485-486.

to litigate in this state. (See *Koster* v. *Lumbermens Mutual Co., supra,* 330 U.S. 518, 524; *Calva* v. *American Air Lines, Inc.* (D.Minn.) 177 F.Supp. 238.) Nor have defendants demonstrated that California courts will have such difficulty applying Texas law or will be so inconvenienced by the inability to view the premises in Houston[3] that jurisdiction should be declined. (*Koster* v. *Lumbermens Mutual Co., supra,* 330 U.S. 518, 524.) "Suit in . . . [California] may involve hardship to the defendant, but the obvious convenience to the plaintiff in bringing suit there, together with the clear interest of this state in plaintiff's welfare will make this state an appropriate forum except in unusual circumstances." (Rest.2d Conflict of Laws (Ten. Draft No. 4) § 117e, com. f.) The instant case does not present such unusual circumstances. It is a typical suit on a contract—a transitory action. (*Peiser* v. *Mettler,* 50 Cal.2d 594, 601 [328 P.2d 953].)

The fact that the federal District Court for the Southern District of California previously decided in an action between the same parties that Texas was a more convenient forum than California in no way justified the action of the trial court in dismissing the California state action under the doctrine of *forum non conveniens.* (See *Hill* v. *Upper Mississippi Towing Corp., supra,* 89 N.W.2d 654.) The principle of res judicata is inapplicable because the federal court simply ordered a change of venue and did not consider the *forum non conveniens* doctrine. The United States Supreme Court has held that a change of venue for the convenience of parties and witnesses (28 U.S.C. § 1404, subd. (a)) may be ordered upon a lesser showing of inconvenience than is required to invoke *forum non conveniens.* (*Norwood* v. *Kirkpatrick,* 349 U.S. 29, 32 [99 L.Ed. 789, 75 S.Ct. 544].) This is so because change of venue results merely in a transfer, *forum non conveniens* in a dismissal. Furthermore different policy considerations apply when a state is asked to oust a resident from its courts than those involved when a federal court orders the plaintiff to litigate in a different district. (See fn. 2, *ante.*)

Nor does plaintiff's failure to file a timely affidavit in

---

[3]The claimed convenience of defendant witnesses is a factor that may be relevant on a motion to continue or stay the California action, but it is no basis for a dismissal of the California action. The claimed inability to view the premises in 1967 to ascertain the extent of damage that occurred in 1961 would seem to be of minimal importance.

opposition to the motion to dismiss preclude him from obtaining now a reversal of the judgment of dismissal. The burden of proving that dismissal was appropriate was on the moving party, the defendants. (*Gulf Oil Corp.* v. *Gilbert, supra,* 330 U.S. 501, 508; *Goodwine* v. *Superior Court, supra,* 63 Cal.2d 481, 485; *Price* v. *Atchison T. & S. F. Ry. Co., supra,* 42 Cal.2d 577, 585.) ''The moving party must stand on the strength of his own showing rather than on any weakness of the opposition.'' (*Corfee* v. *Southern Cal. Edison Co.,* 202 Cal.App.2d 473, 477 [20 Cal.Rptr. 870] (motion under Code Civ. Proc., § 397, subd. 3, to change venue for convenience reasons).)

 The pendency of the nearly identical action in federal court in Texas has no bearing on the *forum non conveniens* question presented here. Such a pending action may be grounds for a stay of the proceedings in California, but not for a dismissal. (E.g., *Simmons* v. *Superior Court,* 96 Cal.App.2d 119, 123 [214 P.2d 844, 19 A.L.R.2d 288]; *Pesquera del Pacifico* v. *Superior Court,* 89 Cal.App.2d 738, 741 [201 P.2d 553].)[4]

 [See fn. 5] Granting a stay in a case where the issues in two actions are substantially identical[5] (see *Simmons* v. *Superior Court, supra,* 96 Cal.App.2d 119, 123; *Tinney* v. *Tinney,* 211 Cal.App.2d 548, 552-553 [27 Cal.Rptr. 239]) is a matter addressed to the sound discretion of the trial court.

 ''In exercising its discretion the court should consider the importance of discouraging multiple litigation designed

[4]The distinction between a stay, which is similar to a continuance, on the one hand, and a dismissal on the other can be of great significance to plaintiff. He may obtain a dismissal of the Texas suit, or, if it goes to judgment, the decision in regard to defendants' liability under the policies may not resolve the issues raised in the civil conspiracy counts, which are no longer being pressed in Texas. If California has dismissed the suit, the statute of limitations may bar refiling here for a determination of the issues not settled in Texas. If California has merely stayed its action, the completion of the Texas suit removes the bar to proceeding in California, and suit may proceed here under the original complaint subject to a res judicata plea by defendants on the basis of any judgment in Texas. (Cf. *Karp* v. *Dunn,* 229 Cal.App.2d 192, 195 [40 Cal.Rptr. 96].)

[5]Plaintiff argues that since he has dropped the civil conspiracy counts in Texas, the two suits do not involve identical issues. However, a litigant may not, by eliminating or failing to plead related claims arising out of the same circumstances, evade the substantial identity rule. (*Conrad* v. *West,* 98 Cal.App.2d 116 [219 P.2d 477].) The civil conspiracy counts should be tried with the contract claims because they are so closely related; the rules on staying an action would be almost meaningless if the plaintiff could automatically avoid a stay by juggling the pleadings and amending a particular claim in the jurisdiction where he did not wish to have the dispute tried.

solely to harass an adverse party, and of avoiding unseemly conflicts with the courts of other jurisdictions. It should also consider whether the rights of the parties can best be determined by the court of the other jurisdiction because of the nature of the subject matter, the availability of witnesses, or the stage to which the proceedings in the other court have already advanced." (*Farmland Irrigation Co.* v. *Dopplmaier,* 48 Cal.2d 208, 215 [308 P.2d 732, 66 A.L.R.2d 590]; see also *Landis* v. *North American Co.,* 299 U.S. 248, 255 [81 L.Ed. 153, 57 S.Ct. 163]; *Tinney* v. *Tinney, supra,* 211 Cal.App.2d 548, 553.)

 Because the propriety of a stay is a question which must first be addressed to the discretion of the trial judge we do not intimate any views as to how that discretion should be exercised if such a request is made. Furthermore, the question may not arise on remand, since plaintiff has informed this court that he will endeavor to have the Texas action dismissed or stayed pending outcome of the California suit. (Cf. *Culverhouse* v. *Biehl & Co.* (S.D.Tex.) 24 F.R.D. 198, 199; *Harvey Aluminum, Inc.* v. *American Cyanamid Co.* (S.D.N.Y.) 15 F.R.D. 14, 18.)

 We do wish to resolve, however, an apparent inconsistency among appellate court decisions in this state in respect to whether a stay is a matter of right for the moving party or a matter of discretion for the trial court when the pending action is in federal court. *In re Cohen,* 198 Cal. 221, 227 [244 P. 359]; *Conrad* v. *West, supra,* 98 Cal.App.2d 116, 118; and *Morrow* v. *Superior Court,* 9 Cal.App.2d 16, 22 [48 P.2d 188, 50 P.2d 66], can be interpreted to mean that a state court judge is compelled to stay the local action pending outcome of a previously filed federal court suit on the same issues. If the cases are subject to that interpretation they should be disapproved. But they need not be so interpreted. In those cases the pending federal court action was in a federal court in California and staying the domestic action would work no hardship on the plaintiff by forcing him to litigate in a distant state. Since convenience was no consideration, the strong policy of comity (see *Simmons* v. *Superior Court, supra,* 96 Cal.App.2d 119, 124) was thought by the appellate courts to be a sufficient basis for converting what was otherwise a matter of discretion—the propriety of a stay—into a rule of law. But in *Farmland Irrigation Co.* v. *Dopplmaier, supra,* 48 Cal.2d 208, the federal action was pending in a

court in Oregon. Whether to stay the California action was held to be a matter of discretion. This is the proper rule, since merely because the previously initiated action is in a federal rather than a state court does not make the conflict between sovereignties any greater if this state should decline to order a stay. (Cf. *Ackert* v. *Ausman* (Sup.Ct.) 218 N.Y.S.2d 814, 820.)

■ The order denying plaintiff's motion to vacate the judgment of dismissal on grounds of extrinsic fraud and mistake is appealable. (*Spanach* v. *Superior Court,* 4 Cal.2d 447, 450 [50 P.2d 444]; *In re Yoder,* 199 Cal. 699, 702-703 [251 P. 205]; *De la Montanya* v. *De la Montanya,* 112 Cal. 101, 119 [44 P. 345, 53 Am.St.Rep. 165, 32 L.R.A. 82]; *Sinclair* v. *Baker,* 219 Cal.App.2d 817, 820 [33 Cal.Rptr. 522]; *Palmese* v. *Superior Court,* 193 Cal.App.2d 600, 602-603 [14 Cal.Rptr. 453]; 2 Stanbury, California Trial and Appellate Practice (1958) § 895, pp. 133, 135.) But inasmuch as the judgment of dismissal must be reversed, plaintiff's appeal from the order refusing to vacate the judgment should be dismissed as moot.

The judgment is reversed. The appeal from the order refusing to vacate the judgment is dismissed as moot. Plaintiff is to recover costs on this appeal.

Traynor, C. J., McComb, J., Tobriner, J., Mosk, J., Burke, J., and Sullivan J., concurred.