[Civ. No. 46414. Second Dist., Div. One. Sept. 3, 1975.]

ATLANTIC RICHFIELD COMPANY, Plaintiff and Appellant, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Defendant and Respondent;
RUSSELL ANDERSON et al.,
Real Parties in Interest and Respondents.

## COUNSEL

Ball, Hunt, Hart, Brown & Baerwitz and Clark Heggeness for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

MacLaughlin & Gerber, Manuel P. Graiwer, Earl H. Greenstein and Judith B. Aaronson for Real Parties in Interest and Respondents.

OPINION

**THOMPSON, J.**—The case at bench reaches us on an order of our Supreme Court which grants hearing on our order denying an alternative writ of mandate and retransfers the case to us with directions to issue the alternative writ. No reason is stated for the Supreme Court action. The matter at bench raises an issue of apparent first impression concerning the construction of such a Supreme Court directive. We conclude that the Supreme Court order establishes as conclusive for the purposes of this proceeding all facts necessary to the issuance of an alternative writ including: (1) the lack of another remedy adequate to raise the same issue that is raised in the petition for extraordinary relief; (2) the issues raised in the application for writ were properly raised in the trial court; and (3) the petition raises a theory which will support the relief sought. Those facts having been conclusively established, we reach issues that we would not otherwise deem appropriate in an application for extraordinary writ. Having done so, we grant a peremptory writ of mandate.

Real parties in interest are successors in interest as heirs-at-law of William and Ella V. Anderson. Six of the nine real parties in interest are residents of Texas and three are residents of California. On May 14, 1974, real parties in interest filed an action in respondent Los Angeles Superior Court. The lawsuit names Atlantic Refining Company and Atlantic Richfield Corporation, its successor in interest by merger and consolidation, as defendants along with several "Does." Both named defendants are corporations with their principal office in Los Angeles, California.

The complaint of real parties in interest alleges that on September 10, 1930, William and Ella V. Anderson as lessors entered into an oil and gas lease with B. P. Seay, retaining a royalty interest. It claims that "the defendants and each of them" forged documents purporting to be assignments from the Andersons of their royalty rights, that the defendants produced oil on the Anderson property on which royalty became due to the Andersons under the Seay lease, and that in the period between 1930 and December 6, 1970, the defendants by threat of bodily harm prevented the Andersons from asserting their right to royalties. William Anderson died on July 24, 1970, and Ella V. Anderson died on December 6, 1970. Real parties in interest are their successors as heirs. The complaint seeks an accounting from petitioners of royalties accrued and their payment.

On December 19, 1974, petitioner moved to dismiss the action upon the ground of inconvenient forum. The motion is based upon two theories: (1) the judgments in actions brought by the Andersons in Texas are res judicata that they had no interest in the leased property at the time of their deaths; and (2) the trial court lacks "jurisdiction" over the matter because "indispensable parties" are not before the court and the court lacks power to adjudicate the title to real property located outside California. The res judicata theory is supported by a request for judicial notice of the Texas judgments pursuant to Evidence Code section 452. The argument of "lack of jurisdiction" because of indispensable parties and nature of the action is supported by an affidavit to the effect that petitioner paid royalties for production from the property to 57 persons purporting to be assignees of the lessors' royalty interest, none of whom are before the court.

The motion forthrightly states that it is brought in lieu of a motion to dismiss the case upon the merits or for lack of subject matter jurisdiction or absence of indispensable parties. The utilization of the device of a motion to dismiss for inconvenient forum is rationalized by: (1) petitioner's desire to avoid a general appearance; and (2) to preserve the right to petition for mandate pursuant to Code of Civil Procedure section 418.10 to review the trial court action if it is adverse.

Real parties in interest opposed the motion with a declaration to the effect that the Andersons had no knowledge of the Texas actions purportedly brought by them and decided adversely. The declaration states that William Anderson filed an action to vindicate his royalty interest but that he was coerced into abandoning it when he was abducted and held for a three-day period. It denies conveyance of the lessors' interest by the Andersons.

Citing *Thomson* v. *Continental Ins. Co.*, 66 Cal.2d 738 [59 Cal.Rptr. 101, 427 P.2d 765], and *Hadler* v. *Western Greyhound Racing Circuit*, 34 Cal.App.3d 1 [109 Cal.Rptr. 502], the trial court denied the motion to dismiss for inconvenient forum.

Petitioner sought review of the trial court order by petition for writ of mandate filed in this court. Viewing the petitioner's action in the trial court as an effort, in the guise of a motion re inconvenient forum, to raise issues pertinent to a motion to dismiss for lack of subject matter, jurisdiction, and indispensable parties, and to a motion for summary judgment based upon res judicata, we denied an alternative writ. We

concluded that petitioner possessed adequate remedies by pursuing those issues directly in appropriate motions. (*Phelan* v. *Superior Court,* 35 Cal.2d 363, 366 [217 P.2d 951].) We reasoned that petitioner had not adequately established that the alternate remedies were inadequate because: (1) corporations doing business in California with principal offices here are not harmed by a general appearance; and (2) it is not the intent of the statutory scheme providing expedited review of denials of motions to dismiss for lack of a convenient forum to include within its scope review of denials of other motions disguised as those within the scheme.

Petitioner sought hearing in the Supreme Court of our order denying an alternative writ. The Supreme Court granted hearing and retransferred the matter to us with directions to issue an alternative writ. We did so. The matter must now be approached on the merits.

We are faced at the outset with interpretation of the order of the Supreme Court. █ That order transfers the case to us after hearing is granted but contains no statement of reasons why and no direction to us other than to issue an alternative writ. Such an order must be construed as conclusive of all findings necessary to an alternative writ. (*San Francisco Unified School Dist.* v. *Johnson,* 3 Cal.3d 937, 945 [92 Cal.Rptr. 309, 479 P.2d 669].) Those findings include the propositions that petitioner possesses no other adequate remedy to pursue its contentions by motion in the trial court (5 Witkin, Cal. Procedure (2d ed.) Extraordinary Writs, § 98), and that the issues raised on the petition for writ were properly raised in the trial court (5 Witkin, Cal. Procedure (2d ed.) Extraordinary Writs, § 110).

By reason of the conclusive determination by the Supreme Court, we abandon our original position that petitioner possesses an adequate remedy other than extraordinary writ by raising the same issues in appropriate motions in the trial court.[1] We also abandon our original conclusion that the expedited review of rulings on motions to dismiss for inconvenient forum provided by Code of Civil Procedure section 418.10 should not be extended to the situation where a trial court denies a motion made by a California-based defendant which, while captioned one to dismiss for inconvenient forum, in reality primarily seeks

---

[1] If petitioner had asserted its theories of dismissal by motions directed to subject matter jurisdiction, absence of parties, or by a motion for summary judgment, real parties in interest would have been placed on notice of the nature of the contentions and permitted appropriate discovery.

dismissal for lack of subject matter jurisdiction or absence of indispensable parties or seeks a summary judgment.

We necessarily assume that the Supreme Court would not have ordered that we issue an alternative writ unless petitioner's application for extraordinary relief raises a theory upon which a writ of mandate may issue. No hint of the theory being contained in the order transferring the case to us, we must search for it. As we analyze the petition for writ of mandate, it argues that the California forum is an inconvenient one in which to try the lawsuit because: (1) Texas judgments are res judicata that real parties in interests' predecessor in title conveyed away the lessors' royalty interest upon which real parties base their claim; (2) the gravamen of the action filed by real parties in interest involves the issue of title to Texas real property and the California courts lack subject matter jurisdiction; and (3) the 57 purported claimants to the lessors' royalty interest are indispensable parties, not subject to the process of the court because they are nonresidents. The application argues that since the right of real parties in interest is derivative by succession from Texas residents, the three bases in which the petition claims the California forum is inconvenient compel dismissal.

In our search for the theory of potential right to a writ of mandate found but not disclosed by our Supreme Court, we reject as improbable the proposition that the high court applied a concept that because a California resident suing a California defendant may be barred in his action by the res judicata effect of a foreign judgment the California forum is inconvenient. Even if we assume that the concept conceivably might be the law, it is here inapplicable. The declaration filed by real parties in interest raises triable issues of extrinsic fraud which, if supported at trial, will dissipate the bar of res judicata.

Assuming that the California forum may be an inconvenient one in a suit between California residents because it involves the trial of title to real property in another state,[2] it is not at all clear that the litigation

---

[2] But see *Goodwine* v. *Superior Court*, 63 Cal.2d 481, 485 [47 Cal.Rptr. 201, 407 P.2d 1]: "A determination that a plaintiff is domiciled here would ordinarily preclude granting the defendant's motion for dismissal on the ground of *forum non conveniens.*"; *Thomson* v. *Continental Ins. Co.*, 66 Cal.2d 738, 742-744 [59 Cal. Rptr. 101, 427 P.2d 765]: ". . . *Forum non conveniens* has only an extremely limited application to a case where, as here, the plaintiff is a bona fide resident of the forum state . . . . [¶] This limitation on the *forum non conveniens* doctrine reflects a state policy that California residents ought to be able to obtain redress for grievances in California courts, which are maintained by the state for

before us involves only the title to real property or even the extent to which title to real property is significant. The complaint is ambiguous. It may be seeking a declaration of title to the lessors' royalty interests, but it also may be seeking only an accounting for past royalties fraudulently paid by reason of conveyances "forged" by the "defendants." If the theory of the complaint is the latter, it involves monetary litigation brought by plaintiffs, some of whom are residents of California against corporations whose principal offices are in California and who do business here. Since the motion to dismiss for inconvenient forum was filed before the case was at issue, it was not possible to clarify the nature of the complaint by demurrer. No discovery was pursued to determine real parties in interest's theory of recovery.

■ A motion to dismiss for inconvenient forum should not serve as what is in effect a special demurrer sustainable without leave to amend because an ambiguous complaint can be construed as incorporating a theory to which the inconvenient forum doctrine may apply. For that reason, we conclude that, in our search for the theory of potential relief discovered by the Supreme Court in petitioner's application for writ of mandate, we cannot safely determine that the theory is bottomed on the complaint's seeking to litigate the title to out-of-state real property.

We are left with petitioner's third theory for application of the doctrine of inconvenient forum—that the California forum is inconvenient requiring dismissal of the action because 57 persons who are out-of-state residents and not subject to California process are indispensable parties to the lawsuit. Forced by the Supreme Court order to choose one of petitioner's theories, we select this as the most likely candidate for that silently considered by our high court to have such

their benefit. [Citations.] This state . . . has 'a decided interest in assuring that its citizens are not denied damages because of the inconvenience or expense of bringing suit in a distant jurisdiction.' . . . [¶] In several jurisdictions, led by New York, a *forum non conveniens* dismissal is never permissible if either plaintiff or defendant resides in the forum state. [Citations.] [¶] Other jurisdictions define *forum non conveniens* as a doctrine that applies when all the litigants are nonresidents. . . . [¶] A few states, led by Massachusetts, hold as a general rule that jurisdiction must be retained if one of the litigants is a resident of the forum state. [Citation.] But exceptions have been carved out for particular classes of cases, as where the resident litigant is merely an assignee of a foreign creditor . . . or administrator of a nonresident decedent . . . . [¶] Under the federal approach the local litigant will 'not be deprived of the presumed advantages of his home jurisdiction except upon a clear showing of facts which either (1) establish such oppressiveness and vexation to a defendant as to be out of all proportion to plaintiff's convenience, which may be shown to be slight or nonexistent, or (2) make trial in the chosen forum inappropriate because of considerations affecting the court's own administrative and legal problems.' [Citation.]"

merit as to require that we issue an alternative writ. That theory at least involves the interests of persons who are not domiciled in California. We thus conclude that in the particular litigation which is here before us petitioner's motion to dismiss for inconvenient forum must be viewed as encompassing a motion pursuant to Code of Civil Procedure section 389 to dismiss for lack of indispensable parties. Petitioner must prevail once we assume the determination of the Supreme Court that the issue of absence of indispensable parties was properly raised by petitioner's trial court special appearance to assert inconvenient forum and when we accept the assumed determination that the petition for writ of mandate similarly raises the issue.

Code of Civil Procedure section 389 states: "(a) A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. . . . [¶] (b) If a person as described in paragraph (1) or (2) of subdivision (a) cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among parties before it, or should be dismissed without prejudice, the absent person being thus regarded as indispensable. The factors to be considered by the court include: (1) to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; (2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; (3) whether a judgment rendered in the person's absence will be adequate; (4) whether the plaintiff . . . will have an adequate remedy if the action is dismissed for nonjoinder."

The Law Revision Commission comment on Code of Civil Procedure section 389 states in part: "The guidelines provided in Section 389 are substantially those that have guided the courts for years. . . . These guidelines should require dismissal in the same circumstances where formerly a person was characterized as indispensable."

Under the law prior to section 389, the 57 claimants to the lessors' royalty interest in the Anderson property were indispensable parties.

They and real parties in interest claim the same property and fund. (*Bank of California* v. *Superior Court,* 16 Cal.2d 516, 521 [106 P.2d 879].) The guidelines of Code of Civil Procedure section 389 similarly require dismissal of the action if we accept the sketchy record created for another purpose in the trial court, as we must because of the Supreme-Court's action. The absent 57 claimants are nonresidents of California and are not subject to the jurisdiction of California process. They claim an interest in the oil royalties which are the subject matter of the case at bench, and disposition of the action in their absence may leave petitioner subject to the substantial risk of incurring multiple obligations to pay the same oil royalty. A judgment rendered in the absence of the 57 claimants will be prejudicial to petitioner by reason of the conflicting claims upon the same fund. It does not appear possible to mitigate the prejudice by anything in an eventual judgment. Real parties in interest have a remedy by suing in the Texas court where there should be jurisdiction permitting all claimants to ownership of the lessors' royalty interest to be brought before the court.

Thus, if petitioner's motion to dismiss is treated as properly including the ground that the California forum is inconvenient because Code of Civil Procedure section 389 compels a dismissal for lack of parties not subject to the process of the court, the trial court should have granted the motion. ■ Since we must assume that the Supreme Court order to us directing that we issue an alternative writ includes the determination that petitioner's trial court motion to dismiss for inconvenient forum properly included the section 389 grounds of dismissal, we are compelled to conclude that the trial court abused its discretion in denying the motion.

Let a peremptory writ of mandate issue directing the trial court to vacate its order denying petitioner's motion to dismiss for inconvenient forum and to enter a new order granting the motion.

Wood, P. J., and Lillie, J., concurred.