Filed 6/27/13  Jordan v. O'Connor Hospital CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| JAMES JORDAN, | H038107 |
| Plaintiff and Appellant, | (Santa Clara County Super. Ct. No. CV208945) |
| v. | |
| O'CONNOR HOSPITAL, | |
| Defendant and Respondent. | |

## I.  INTRODUCTION

Appellant James Jordan, a self-represented litigant, filed an action against respondent O'Connor Hospital.  He claimed that the hospital had committed an intentional tort by releasing his medical records pursuant to a subpoena issued in his federal lawsuit while his motion to quash the subpoena was pending.  The trial court sustained O'Connor Hospital's demurrer without leave to amend and granted the hospital's motion to strike the punitive damages allegations.  Although Jordan had not opposed either the demurrer or the motion to strike, he challenged the trial court's order by filing a motion for reconsideration and a "motion for fraud on the court."  The trial court denied both motions and entered judgment in favor of O'Connor Hospital.

On appeal, Jordan seeks review of the order denying his "motion for fraud on the court," which we understand to be a motion to vacate the judgment on the grounds of

fraud. For reasons that we will explain, we conclude that the trial court did not abuse its discretion in denying the motion and we will affirm the judgment.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In 2011, Jordan filed a complaint against defendant O'Connor Hospital alleging that the hospital had unlawfully released his medical records on August 13, 2010, pursuant to a subpoena issued in his federal lawsuit, *Jordan v. Chapnick* (E.D.Cal. Jul. 16, 2010, 107CV00202OWW-MJS) 2010 U.S. Dist. Lexis 84634. Jordan further alleged that that the hospital should have known that he had previously filed a motion to quash the subpoena on July 31, 2010. He claimed that O'Connor Hospital was liable for committing intentional torts, including invasion of privacy and infliction of emotional distress, and sought general and punitive damages.

O'Connor Hospital filed a demurrer to the complaint, which was not included in the record on appeal, and a motion to strike the punitive damages allegations. The hospital's memorandum of points and authorities in support of the demurrer indicates that the ground for the demurrer was failure to state facts sufficient to state a cause of action. (Code Civ. Proc., § 430.10, subd. (e).)[1] According to O'Connor Hospital, the facts alleged in the complaint were insufficient for any intentional tort cause of action because, as shown in the proof of service attached as an exhibit to the complaint, the hospital was never served with Jordan's motion to quash. The hospital therefore asserted that it had no knowledge that Jordan objected to the release of his medical records when it complied with a valid subpoena. The hospital also requested judicial notice of federal court's "August 4, 2010" order denying the motion to quash."[2]

_____

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

[2] On our own motion, we take judicial notice of the federal court's order denying Jordan's motion to quash subpoenas for medical records in *Jordan v. Chapnick*, *supra*, 2010 Lexis 84634, which indicates that order was filed on August 25, 2010. (Evid. Code, § 452, subd. (d)(2).)

2

Jordan did not file opposition to either the demurrer or the motion to strike. The trial court's January 24, 2012 minute orders indicate that the court adopted its tentative rulings sustaining the demurrer without leave to amend and granting the motion to strike.

Jordan filed a motion for reconsideration dated February 10, 2012, in which he stated that he wished to challenge the demurrer and motion to strike, but he had been unable to prepare opposition or acknowledge the tentative rulings because he was preparing for the jury trial of his federal lawsuit. O'Connor Hospital filed opposition to the motion for reconsideration, arguing that Jordan had failed to satisfy the requirement of section 1008 that a motion for reconsideration be based on new or different facts, circumstances or law. The hospital also maintained that the facsimile cover sheet submitted by Jordan in support of his motion for reconsideration, which was addressed to " 'Bobby at Records,' " did not confirm that the hospital had received the motion to quash.

On February 14, 2012, Jordan filed a "motion for fraud on the court," in which he claimed that counsel for O'Connor Hospital had concealed the fact that Jordan faxed his motion to quash the subpoena to "Bobby," the custodian of records at the O'Connor Family Health Care Center, on July 30, 2010. Jordan therefore claimed that O'Connor Hospital was aware that he objected to the release of his medical records at the time the hospital complied with the subpoena. On that ground, he requested judgment in his favor. In opposition, O'Connor Hospital argued that "plaintiff's nonsensical motion . . . does not comply with any statutory concept of a 'motion' required by statute and case law."

While Jordan's motion for reconsideration and "motion for fraud on the court" were pending, the trial court issued its February 16, 2012 order stating that Jordan had not contested the January 23, 2012 tentative rulings sustaining the demurrer without leave to amend and granting the motion to strike, which became the order of the court pursuant

3

to California Rules of Court, rule 3.1308(a)(1).  Also on February 16, 2012, the trial court entered judgment in favor of O'Connor Hospital.

The trial court then denied Jordan's motion for reconsideration and "motion for fraud on the court" in its March 13, 2012 order.  Regarding the motion for reconsideration, the court found that Jordan had failed to identify any new facts or law as required by section 1008.  The court also found that "at a minimum, Plaintiff was aware of his litigation workload well before the hearing on Defendant's demurrer and motion, yet did not file any opposing papers or seek a continuance.  Plaintiff simply cannot meet the 'strict requirement of diligence.' "  The order further states:  "Plaintiff's 'motion for fraud on the Court,' in effect a motion asserting concealment of facts by Defendant in its demurrer and motion papers, is DENIED."

On March 22, 2012, Jordan filed a notice of appeal from the "March 22, 2011" judgment or order.

### III.  DISCUSSION

**A.  *Scope of Appeal***

At the outset, we consider the scope of Jordan's appeal.  O'Connor Hospital argues that since the notice of appeal did not indicate that Jordan was appealing from a judgment of dismissal after an order sustaining a demurrer without leave to amend, the appeal must be limited to review of the order denying the motion for reconsideration[3] and the order denying the "motion for fraud on the court."  In his reply brief, Jordan clarifies that his appeal is "entirely based" on the order denying his "motion for fraud on the court."

The California Supreme Court has instructed that a notice of appeal " ' "shall be liberally construed in favor of its sufficiency." ' "  (*Walker v. Los Angeles County*

---

[3] We note that section 1008, subdivision (g) provides in part:  "An order denying a motion for reconsideration made pursuant to subdivision (a) is not separately appealable."

4

*Metropolitan Transportation Authority* (2005) 35 Cal.4th 15, 20.) An order denying a motion to vacate the judgment on the ground of fraud is an appealable order. (*Thomson v. Continental Ins. Co.* (1967) 66 Cal.2d 738, 748.) Moreover, since both Jordan and O'Connor Hospital have argued the merits of the March 13, 2012 order denying the "motion for fraud on the court," they would not be misled or prejudiced by this court construing the notice of appeal to apply to that order only. (See *Gu v. BMW of North America, LLC* (2005) 132 Cal.App.4th 195, 202-203.)

We will therefore limit our review to the order denying the "motion for fraud on the court."

### B. *"Motion for Fraud on the Court"*

Jordan argues that the trial court erred in denying his "motion for fraud on the court" and asserts that the court has "inherent equitable power" to vacate a judgment that has been obtained through fraud on the court. O'Connor Hospital, on the other hand, argues that the "motion for fraud on the court" is essentially a motion for reconsideration that lacks merit since the motion did not satisfy the requirements of section 1008, the statute governing motions for reconsideration of an order.

We do not agree that Jordan's "motion for fraud on the court" may be treated as a motion for reconsideration under section 1008. Having reviewed the motion, we understand Jordan to have moved to vacate the judgment on the ground of fraud, consisting of the conduct of O'Connor Hospital's attorneys in allegedly concealing from the trial court the hospital's knowledge that Jordan objected to the subpoena of his medical records. We will therefore consider the merits of Jordan's contention that the trial court erred in denying his "motion for fraud on the court" under the rules governing a motion to vacate the judgment on the ground of fraud.

### 1. *Motion to Vacate the Judgment on the Ground of Fraud*

A motion to vacate the judgment on the ground of fraud is generally authorized. The California Supreme Court has instructed that "[u]nder certain circumstances a court,

5

sitting in equity, can set aside or modify a valid final judgment. [Citations.]" (*Kulchar v. Kulchar* (1969) 1 Cal.3d 467, 470 (*Kulchar*).) "A final judgment may be set aside by a court if it has been established that extrinsic factors have prevented one party to the litigation from presenting his or her case. [Citation.] The grounds for such equitable relief are commonly stated as being extrinsic fraud or mistake. However, those terms are given a broad meaning and tend to encompass almost any set of extrinsic circumstances which deprive a party of a fair adversary hearing." (*In re Marriage of Park* (1980) 27 Cal.3d 337, 342 (*Park*).) Thus, where the husband in a marital dissolution action concealed from the trial court that his wife could not attend the dissolution proceeding because she had been involuntarily deported, the husband "perpetrated a fraud upon the court as well as his wife." (*Id*. at p. 343.) The trial court therefore abused its discretion when it denied the wife's motion to vacate the judgment. (*Id*. at p. 347.)

In ruling upon motions to set aside the judgment on the ground of fraud, courts distinguish extrinsic fraud from intrinsic fraud. " 'Fraud is extrinsic where the defrauded party was deprived of the opportunity to present his or her claim or defense to the court, that is, where he or she was kept in ignorance or in some other manner, other than from his or her own conduct, fraudulently prevented from fully participating in the proceeding.' [Citation.] 'Any fraud is intrinsic if a party has been given notice of the action and has not been prevented from participating therein, that is, if he or she had the opportunity to present his or her case and to protect himself or herself from any mistake or fraud of his or her adversary, but unreasonably neglected to do so.' " (*Home Ins. Co. v. Zurich Ins. Co.* (2002) 96 Cal.App.4th 17, 26-27 (*Home Ins. Co.*).)

Thus," '[w]hen a claim of fraud goes to an issue involving the merits of the prior proceeding which the moving party should have guarded against at that time, or if the moving party was guilty of negligence in failing to prevent the fraud or mistake or in contributing thereto, . . . any fraud is intrinsic fraud.' [Citation.] Generally, . . . the concealment or suppression of material evidence is deemed intrinsic fraud. [Citation.]"

6

(*Home Ins. Co.*, *supra*, 96 Cal.App.4th at p. 27.)  Intrinsic fraud is not a valid ground for setting aside a judgment.  (*In re Marriage of Stevenot* (1984) 154 Cal.App.3d 1051, 1069-1070 (*Stevenot*).)

The California Supreme Court has instructed that "[w]hether the case involves intrinsic or extrinsic fraud or mistake is not determined abstractly.  'It is necessary to examine the facts in the light of the policy that a party who failed to assemble all his [or her] evidence at the trial should not be privileged to relitigate a case, as well as the policy permitting a party to seek relief from a judgment entered in a proceeding in which he [or she] was deprived of a fair opportunity fully to present his case.'  [Citation.]"  (*Kulchar*, *supra*, 1 Cal.3d at p. 473.)  For example, where the defendant moved to vacate a default judgment on the ground that plaintiff's counsel had obtained the default by concealing facts from the court, the motion was properly denied because "[p]laintiff did nothing to prevent defendant from having its day in court" and the defendant failed to "demonstrate a satisfactory excuse for not defending the action.  [Citations.]"  (*Sporn v. Home Depot USA, Inc.,* (2005) 126 Cal.App.4th 1294, 1300-1301 (*Sporn*).)

## 2. *Analysis*

The standard of review for an order denying a motion to vacate the judgment on the ground of fraud is abuse of discretion.  (*Park*, *supra*, 27 Cal.3d at p. 347.)  As we will explain, we determine in the present case that the trial court did not abuse its discretion because the fraud claimed by Jordan in his "motion for fraud on the court" constitutes intrinsic fraud, which is not a valid ground for setting aside a judgment.  (See *Stevenot*, *supra*, 154 Cal.App.3d at pp. 1069-1070.)

As we understand it, Jordan contended in his "motion for fraud on the court" that counsel for O'Connor Hospital committed fraud by concealing from the trial court the fact that the hospital had actual knowledge that he objected to the release of his medical records pursuant to the subpoena issued in his federal case.  To support this argument, Jordan asserted that he had faxed his motion to quash the medical records subpoena to

"Bobby," the custodian of records at the O'Connor Family Health Care Center, on July 30, 2010, well before the hospital complied with the subpoena and released his medical records on August 13, 2010. Jordan also asserted that he did not oppose O'Connor Hospital's demurrer to his complaint or its motion to strike the punitive damages allegations because he was involved in preparing for the jury trial of his federal lawsuit.

Jordan's argument makes clear that the basis of his motion is not extrinsic fraud, since he has not shown that he was deprived of a fair opportunity to oppose O'Connor Hospital's demurrer or motion to strike due to the hospital's fraud. (See *Kulchar*, *supra,* 1 Cal.3d at p. 473.) Jordan apparently possessed the evidence—the fax cover sheet—that allegedly indicated he had faxed his motion to quash the subpoena to "Bobby," an O'Connor Hospital custodian of records, prior to the hospital releasing his medical records. However, he failed to present this evidence, which arguably showed that O'Connor Hospital had knowledge that he objected to the subpoena before the records were released, because he failed to timely oppose the hospital's demurrer and motion to strike.

Although Jordan explained that his failure was due to his involvement in preparing for the jury trial of his federal lawsuit, " 'press of business' alone " does not constitute grounds for relief. (*Huh v. Wang* (2007) 158 Cal.App.4th 1406, 1423, 1425 (*Huh*) [attorney failed to show excusable neglect warranting discretionary relief under section 473].) "To constitute grounds for relief, an exceptional workload generally must be accompanied by some factor outside the attorney's control that makes the situation unmanageable, such as a mistake 'caused by a glitch in office machinery or an error by clerical staff.' [Citations.]" (*Huh, supra,* at p. 1424.) This rule applies to Jordan, even though he is self-represented. "Under the law, a party may choose to act as his or her own attorney. [Citations.] '[S]uch a party is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys.

[Citation.]' [Citation.]" (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247.) Thus, a self-represented litigant is not entitled to lenient treatment. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985.)

We therefore determine that Jordan's claim of fraud constitutes a claim of intrinsic fraud, since (1) he had the opportunity to present his evidence in opposition to O'Connor Hospital's demurrer and motion to strike and to protect himself from the hospital's alleged fraud, but he unreasonably neglected to do so (*Home Ins. Co.*, *supra*, 96 Cal.App.4th at p. 27); and (2) O'Connor Hospital did nothing to prevent Jordan from timely opposing the demurrer or the motion to strike (*Sporn*, *supra*, 126 Cal.App.4th at p. 1300). Since intrinsic fraud is not a sufficient ground for a motion to vacate the judgment on the ground of fraud (*Stevenot*, *supra*, 154 Cal.App.3d at pp. 1069-1070), we conclude that the trial court did not abuse its discretion in denying Jordan's "motion for fraud on the court" and we will affirm the judgment.

## IV.  DISPOSITION

The judgment is affirmed.  Costs on appeal are awarded to respondent O'Connor Hospital.


_____
BAMATTRE-MANOUKIAN, J.



WE CONCUR:




_____
ELIA, ACTING P.J.




_____
MÁRQUEZ, J.