[No. A038599. First Dist., Div. Three. Aug. 18, 1987.]

JAMES GREGG, Petitioner, v.
THE SUPERIOR COURT OF SAN MATEO COUNTY,
Respondent;
JANI-KING OF CALIFORNIA, INC., Real Party in Interest.

**COUNSEL**

Sidney R. Deitch for Petitioner.

No appearance for Respondent.

Stephen D. Pahl, Alys Hay and Tarkington, O'Connor & O'Neill for Real Party in Interest.

**OPINION**

**MERRILL, J.**—Petitioner is a janitorial services franchisee seeking a superior court's preliminary injunction against certain activities by his franchisor. In this court he challenges a superior court order staying his action until the conclusion of proceedings in the United States District Court. Petitioner is not a plaintiff in the federal court action, but his attorney represents some 50 plaintiffs involved in 11 federal lawsuits against the franchisor. We conclude that the court abused its discretion in staying petitioner's state court action.

Petitioner's lawsuit against Jani-King of California and several individual defendants asserts fraud, unfair business practices, and operation of an illegal collection agency. In addition to damages and rescission of all contracts, it seeks an injunction preventing defendants from performing any of the unfair business practices described in the complaint. At a hearing on an order to show cause for a preliminary injunction, Jani-King moved to stay the matter until related federal proceedings were terminated. The court granted the motion and did not rule on the preliminary injunction, finding that the stay rendered it moot. This petition followed.

Petitioner seeks both relief from the stay and a ruling that he is entitled to a preliminary injunction against Jani-King's illegal collection activities. We consider only the propriety of the stay. Although the court indicated that it was not satisfied the defendant was operating a collection agency, it did not rule on the request for a preliminary injunction. Petitioner's attack upon the court's comments is premature.

Two distinct legal principles govern stays of actions pending resolution of related lawsuits. Where the related lawsuit is a prior action in state court of the same state, the later action may be subject to a plea in abatement that "[t]here is another action pending between the same parties on the same cause of action." (Code Civ. Proc., § 430.10, subd. (c).) ▪ But such a plea in abatement "does not lie where the two actions are in courts of different states" (5 Witkin, Cal. Procedure (3d ed. 1985) Pleading, § 1063, p. 477) or where one is in state court and the other in federal court. There, the principle of comity may call for a discretionary refusal of the court to entertain the second suit pending determination of the first-filed action. (See 2 Witkin, Cal. Procedure (3d ed. 1985) Jurisdiction, §§ 341, 348, pp. 761, 769; *Thompson* v. *Continental Ins. Co.* (1967) 66 Cal.2d 738, 746-747 [59 Cal.Rptr. 101, 427 P.2d 765]; *Farmland Irrigation Co.* v. *Dopplmaier* (1957) 48 Cal.2d 208, 215 [308 P.2d 732, 66 A.L.R.2d 590].)

■ Real party in interest contends that the court here acted within its discretion in staying petitioner's state court action pending determination of a related federal action. It says that the factors set forth in *Farmland* were considered by the trial court and that the court's application of those factors should not be disturbed.

■ The principle of priority based on comity applies most strongly where the federal and state court actions are in rem or quasi in rem; the first court's control over the res should not be disturbed. "The main reason for priority . . . disappears when the action is purely in personam." (2 Witkin, Cal. Procedure, Jurisdiction, *supra,* § 347, p. 766.) In fact, "[t]he federal decisions do not apply their comity rule of priority to proceedings in personam. They hold that a federal court may proceed concurrently with a state court, and a state court concurrently with a federal court, until the first judgment is rendered and becomes res judicata." (*Op. cit. supra,* § 348, at p. 769.)

The California authorities discussing priority as between federal and state in personam actions conclude that an application for a stay is addressed to the "sound discretion" of the trial court (see, e.g., *Thomson* v. *Continental Ins. Co., supra,* 66 Cal.2d at p. 746; *Farmland Irrigation Co.* v. *Dopplmaier, supra,* 48 Cal.2d at p. 215, and cases cited therein; *Dodge* v. *Superior Court* (1934) 139 Cal.App. 178, 181 [33 P.2d 695]). But, where they support issuance of a stay, the assumption underlying most of these authorities is that the two related lawsuits are between the same or substantially identical parties. Indeed, *Farmland* expressly assumes the parties are the same: "When an action is brought in a court of this state involving *the same parties* and the same subject matter as an action already pending in a court of another jurisdiction, a stay of the California proceedings is not a matter of right, but within the sound discretion of the trial court." (*Farmland, supra,* at p. 215, italics added.) Real party's only example of a stay granted where the parties were substantially different is the decision of this division in *Clark's Fork Reclamation Dist.* v. *Johns* (1968) 259 Cal.App.2d 366 [66 Cal.Rptr. 370].

In *Clark's Fork,* a single property owner brought an action against the Clark's Fork Reclamation District challenging the validity of contracts governing the diversion of waters from the Kings River. Numerous water companies and water districts had entered into these contracts with the United States government, each reciting that certain parts of the agreements were dependent upon the results of pending federal litigation challenging

parts of the federal reclamation acts. The contracts anticipated that the districts would bring state court actions for approval of the formation of the districts and the procedures leading up to entering into the diversion agreements, but the signatories expected issues of federal law to be resolved in the pending federal action.

Addressing the issue as one of "comity," the *Clark's Fork* court concluded that the trial court was obligated to yield to the federal litigation (to which plaintiff was not a party) and decide only issues of state law. Though a mere agreement between the parties to the contracts could not deprive the state court of jurisdiction, principles of comity compelled abstention by the state court.

Real party finds a parallel between *Clark's Fork* and this lawsuit. ■ However, proceedings concerning formation and operation of water districts and the validity of their water distribution contracts are special proceedings in rem (*Ivanhoe Irr. Dist.* v. *All Parties* (1957) 47 Cal.2d 597 [306 P.2d 824]). Therefore, *Clark's Fork* is not persuasive authority for the in personam action brought by petitioner.

■ Significant to this case is the fact that petitioner seeks personal relief from contracts and damages for fraud and unlawful business practices directed toward him. He has not sought such relief in another forum and is not a party to a related action in another forum. Indeed, to file an action in federal court he would be required to retain new counsel because his present counsel has promised and/or been ordered by the federal court not to file new actions there until trial in his lead federal case. Thus, the court's stay order has forced petitioner to suspend all efforts to seek monetary and injunctive relief.

We find no precedent for preventing a litigant in the circumstances of this case from pursuing an action because other litigants are suing the same defendants over similar grievances in another forum. The fact that petitioner has retained the same attorney who represents the other litigants can lend no support to imposition of a stay. Nor does the fact that petitioner purports also to sue on behalf of the general public. The trial court should ignore those parts of the complaint which seek class relief because petitioner has failed to establish the requisites for a class action.

The trial court abused its discretion by staying petitioner's action in the only forum which could provide him relief. We issue a peremptory writ of

mandate to correct the abuse (see *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177-180 [203 Cal.Rptr. 626, 681 P.2d 893]).

Let a peremptory writ of mandate issue directing the San Mateo County Superior Court to dissolve its stay of petitioner's action.

White, P. J., and Scott, J., concurred.