[No. B065362. Second Dist., Div. Seven. May 7, 1993.]

CAIAFA PROFESSIONAL LAW CORPORATION, Plaintiff and Appellant, v.
STATE FARM FIRE & CASUALTY COMPANY, Defendant and Respondent.

[black rectangle]

COUNSEL

John R. Fuchs and Donald L. Cornwell for Plaintiff and Appellant.

Hill, Genson, Even, Crandall & Wade and Maria M. Rullo for Defendant and Respondent.

OPINION

JOHNSON, J.—This is an appeal by the Caiafa Professional Law Corporation from an order denying a petition to compel arbitration and staying further proceedings in the matter. We affirm.

### FACTS AND PROCEEDINGS BELOW

Attorney Douglas Caiafa, practicing law as "Caiafa Professional Law Corporation" entered into a written agreement with State Farm Fire & Casualty Company (hereafter State Farm) to represent Burdett Streeter as independent *Cumis* counsel (*San Diego Federal Credit Union v. Cumis Ins. Society, Inc.* (1984) 162 Cal.App.3d 358 [208 Cal.Rptr. 494, 50 A.L.R.4th 913]) counsel in a series of lawsuits in which Streeter was a defendant. Initially, State Farm paid the monthly bills submitted for Streeter's representation. Subsequently, it made only partial payments and finally it refused to make any further payments on Streeter's billing statements.

Approximately two and a half years after State Farm ceased paying the bills submitted by Caiafa for the Streeter representation, State Farm filed a civil Racketeer Influenced and Corrupt Organizations Act (RICO) action against Caiafa and numerous other defendants in the United States District Court for the Southern District of California. The suit alleged that while being paid by State Farm as *Cumis* counsel defendants defrauded State Farm by submitting padded bills and engaging in unnecessary legal work. These RICO violations were alleged to have occurred during the period 1984 to 1988, which includes the period covered by Caiafa's bills for the Streeter litigation. The "Caiafa Professional Law Corporation" was not named as a defendant in State Farm's RICO action.

Nearly nine months after State Farm filed its RICO action, Caiafa, through the "Caiafa Professional Law Corporation," filed a petition in the Los Angeles County Superior Court to compel arbitration of its unpaid *Cumis*

fees in the Streeter matter under Civil Code section 2860.[1] The petition alleged a balance of $393,931.50 was due and payable from State Farm for the Streeter litigation. State Farm opposed the petition on the grounds Caiafa had waived his right to arbitration and the matter should be stayed pending resolution of the federal RICO action. The trial court denied the petition and stayed further proceedings pending the outcome of the RICO action. This appeal followed.

DISCUSSION

*The Trial Court Did Not Abuse Its Discretion in Staying State Court Arbitration Proceedings in Favor of a Federal Civil Action Between Substantially Identical Parties Affecting the Same Subject Matter.*

The principal issue in this case is whether the trial court abused its discretion in staying a state court action in favor of a federal court action between substantially identical parties affecting the same subject matter as the state case where the federal case had been filed nearly nine months before the action in the state court. Contrary to the position taken by Caiafa, the fact the subject matter of this dispute, if decided in the state court, would necessarily be resolved through mandatory arbitration is entirely irrelevant in answering the question of the state court's power to defer to an earlier federal action.[2]

Caiafa treats this question as if it were the same as whether the trial court could stay this mandatory arbitration in favor of some other *state court* proceeding, which proceeding sought to resolve the same issue through some means other than arbitration. If the only issue in dispute truly was the *amount* of *Cumis* counsel fees the insurance company owed, it would be improper, in most circumstances at least, for a trial court to stay the arbitration proceeding mandated under section 2860 in order to allow a judicial proceeding *in the California courts* to decide that issue and that issue alone. But this is an entirely different issue than the propriety of staying a section 2860 arbitration while a *federal* court decides a case involving those same *Cumis* counsel fees.

It is true the California Legislature has spoken. It has decided that *within the California courts* these *Cumis* fee issues are to be decided in an arbitration forum, not the *state's* judicial forum. But that does not and cannot affect

---

[1]Future references to section 2860 are references to Civil Code section 2860.

[2]Section 2860, subdivision (c) provides methods for determining *Cumis* fees. "Any dispute concerning attorney's fees not resolved by these methods shall be resolved by final and binding arbitration by a single neutral arbitrator selected by the parties to the dispute."

the normal relationship between the federal and state courts when actions have been filed in both of these jurisdictions dealing with the same subject matter.

■ It is black letter law that, when a federal action has been filed covering the same subject matter as is involved in a California action, the California court has the discretion but not the obligation to stay the state court action. (*Farmland Irrigation. Co.* v. *Dopplmaier* (1957) 48 Cal.2d 208, 215 [308 P.2d 732, 66 A.L.R.2d 590]; *Thomson* v. *Continental Ins. Co.* (1967) 66 Cal.2d 738, 748 [59 Cal.Rptr. 101, 427 P.2d 765]; *Clark's Fork Reclamation Dist.* v. *Johns* (1968) 259 Cal.App.2d 366, 369 [66 Cal.Rptr. 370]; 2 Witkin, Cal. Procedure (3d ed. 1985) Jurisdiction §§ 348, 349.)

"In exercising its discretion the court should consider the importance of discouraging multiple litigation designed solely to harass an adverse party, and of avoiding unseemly conflicts with the courts of other jurisdictions. It should also consider whether the rights of the parties can best be determined by the court of the other jurisdiction because of the nature of the subject matter, the availability of witnesses, or the stage to which the proceedings in the other court have already advanced." (*Farmland Irrigation. Co.* v *Dopplmaier, supra,* 48 Cal.2d at p. 215.) The California Supreme Court also has isolated another critical factor favoring a stay of the state court action in favor of the federal action, a factor which happens to be present in this case—the federal action is pending in California not some other state. (*Thomson* v. *Continental Ins. Co., supra,* 66 Cal.2d at p. 747.)

■ The California Legislature did not say, and could not say, *Cumis* fee issues must be decided through mandatory arbitration and we forbid federal judges or juries from deciding these issues. The federal courts retain the power to decide these and any other issues, when properly before them, through any dispute resolution method the federal statutes and rules provide. Nor did the California Legislature say California courts are stripped of their normal power to stay a state court action in favor of a federal court action which is deciding issues which may affect a lawyer's ultimate entitlement to *Cumis* counsel fees in a given case. What the California Legislature did say, and all it said, was that when a *Cumis* fee issue is to be decided in the California courts it is to be decided through the mandatory arbitration procedure set forth in section 2860.

California's stated preference for arbitration as the means of resolving these *Cumis* fee issues in our state courts in no sense countermands a trial court's discretion to stay state court determination of these issues while they

are decided in a federal court action. As to many other issues there is not just a *statutory preference* for arbitration but a *constitutional right* to trial by jury in the courts of this state. Yet California trial courts retain the discretion to stay these cases in favor of a pending federal action despite the existence of a constitutional right to have them tried by jury in our courts. The statutory preference for arbitration of *Cumis* fee issues clearly is no more sacrosanct than the constitutional right to trial by jury of many other issues. Hence, it cannot provide a reason for denying trial courts their normal discretion to stay state proceedings which happen to involve arbitration of *Cumis* fee issues in favor of a federal action which will decide those same issues.

It is true the *Cumis* fee issues arise in the midst of a state court proceeding, the Streeter litigation, which predated filing of the federal court action. However, the principal subject matter of the Streeter litigation was a tort and insurance coverage action, not appellant's entitlement to *Cumis* fees. Caiafa's appointment as *Cumis* counsel and his claim for fees pursuant to that appointment represent collateral matters to the main litigation. Caiafa did not initiate the collateral action to obtain his unpaid *Cumis* fees—in the form of a petition to compel arbitration under section 2860—until nearly nine months *after* the federal RICO action was filed. (Respondent State Farm filed its complaint in intervention naming appellant Caiafa as a defendant in the federal RICO action on Feb. 22, 1991. Appellant did not file its motion to compel arbitration in state court until Nov. 11, 1991.)

This federal action challenges not only those unpaid fees but also other *Cumis* fees which were paid to Caiafa in the course of the underlying litigation. Consequently, as far as the collateral matter of Caiafa's entitlement to *Cumis* fees, the federal action predates Caiafa's petition for mandatory arbitration of these same *Cumis* fee issues.

Because the federal fraud action predated Caiafa's section 2860 petition, it is unnecessary to address the issue whether a California trial court has discretion to stay a state court action in favor of a federal action which is filed after the state court action. Whether it would have been an abuse of discretion had the trial court *denied* the stay would have presented a close question given the unique facts of this case. But we have no trouble concluding the trial court acted within the scope of its discretion in *granting* the stay.

In reaching this conclusion, we apply the criteria mentioned earlier in this opinion. (See *Farmland Irrigation. Co.* v. *Dopplmaier, supra,* 48 Cal.2d 208, 215 and *Thomson* v. *Continental Ins. Co., supra,* 66 Cal.2d 738, 747, discussed at p. 804, *ante.*)

First, the trial court could reasonably decide "the rights of the parties can best be determined by the [federal courts] because of the nature of the subject matter" of the two proceedings. The federal court action which was pending at the time Caiafa filed the petition to compel arbitration in state court raised issues much broader than the *amount* of *Cumis* counsel fees.[3] Yet the resolution of those broader issues almost certainly would determine whether Caiafa was entitled to *Cumis* fees at all and, if so, the proper amount of those fees. It is entirely proper to conclude the full-scale federal fraud trial is a better forum for deciding the full range of issues bearing on this subject matter than would a section 2860 hearing before a single arbitrator. Such an arbitrator seems singularly ill-equipped to evaluate the complex legal issues and vast array of evidence likely to be implicated in a RICO conspiracy action. Yet the arbitrator could not properly determine whether Caiafa has a legitimate claim to the *Cumis* fees he seeks without resolving the threshold issues raised in the federal RICO action.

Second, it is reasonable to conclude the section 2860 arbitration should be stayed for the purpose of "avoiding unseemly conflicts with the courts of other jurisdictions." The federal RICO action covers other of Caiafa's *Cumis* counsel fees beyond those which are the subject matter of the instant petition to arbitrate in state court.[4] Included are *Cumis* fee bills arising out of the same underlying action as involved in the petition, but which respondent insurance company actually paid to Caiafa. Should State Farm prevail in the federal fraud action it will recover those payments it already made. The insurance company also will be relieved from any duty to pay the bills it has refused to honor which are at issue in the arbitration petition.

Assume the trial court denied the stay and the section 2860 arbitrator decided appellant was entitled to recover the specific *Cumis* fees at issue in this case before the federal court returned its verdict on all the fees at issue in that case (which includes those covered in the state arbitration). Assume further the federal verdict determines all the *Cumis* fees including those involved in the instant action were the product of a racketeering conspiracy in violation of RICO. The federal judgment requires appellant to return all fees it has been paid including those paid in the underlying action in this

---

[3]The federal case alleges fraud and conspiracy to defraud under the RICO statutes, 18 United States Code section 1961 et seq. against 23 defendants including Caiafa. Among other things, it alleges Caiafa and others engaged in six violations of various provisions of 18 United States Code section 1962 relating to a scheme to defraud insurance companies under the guise of *Cumis* counsel.

[4]In its RICO complaint State Farm claims compensatory damages for fraudulent fees in the amount of $2,711,122.12 (including over $1.6 million billed by appellant Caiafa) to be trebled under 18 United States Code section 1964(c) to a total award of $8,133,666.36.

case and cancels any obligation respondent insurance company owes on *Cumis* fees it has not paid already to Caiafa. In this quite likely scenario, the conflict between the state arbitration award and the federal judicial judgment would be obvious and most "unseemly."

To put it another way, no matter what happened in the state section 2860 arbitration it could not resolve all the issues implicated in the far broader federal RICO action. So this federal action will proceed to decision in any event. The potential for "unseemly conflict" is great, unless both forums should reach the exact same resolution of the issues. On the other hand, if the broader federal fraud action is allowed to proceed to judgment first, it may well resolve the issues Caiafa seeks to decide through a section 2860 arbitration in the state court. In that instance, the section 2860 arbitration would be entirely unnecessary. "Unseemly conflict" will have been avoided and the interest in judicial economy well served.

Third, we note the federal fraud action is pending in the Southern District of California, not in some other state. Thus, the federal court is of equal convenience to the parties and witnesses as is the state court and its arbitrator. This factor is one which the Supreme Court found so important it accounted for the several earlier California decisions which appeared to make a stay of state court proceedings a matter of right not merely a matter of discretion. While reemphasizing a stay was a discretionary decision for the California trial courts not a right held by litigants who preferred the federal forum, our high court also recognized the significance of this factor in the trial court's exercise of its discretion. (*Thomson* v. *Continental Ins. Co.*, *supra*, 66 Cal.2d 738, 747.)[5]

Combining these three key factors, it is difficult for us to see how the trial court could have exercised its discretion in any other way but to grant State Farm's request for a stay of the state court proceedings—including the section 2860 arbitration—pending the outcome of the federal fraud action.

---

[5]We find no significance in the fact the federal RICO action was brought against Douglas Caiafa personally while the petition to compel arbitration was filed in the name of "Caiafa Professional Law Corporation" of which Douglas Caiafa is the sole shareholder. As the court noted in *Gregg* v. *Superior Court* (1987) 194 Cal.App.3d 134, 137 [239 Cal.Rptr. 380], reviewing California case law: "[T]he assumption underlying most of these authorities is that the two related lawsuits are between the same or substantially identical parties." Plainly, a lawyer and the professional corporation of which he is the sole shareholder are "substantially identical parties." Furthermore, a judgment against Douglas Caiafa in the federal RICO action would appear to doom any attempt by the "Caiafa Professional Law Corporation" to collect *Cumis* fees from State Farm.

## Disposition

The order is affirmed.

Lillie, P. J., and Woods (Fred), J., concurred.