Filed 8/30/13

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| DAVID ERIK BENITEZ, | B242512 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC456351) |
| v. | |
| ROSS LEVERNE WILLIAMS et al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of Los Angeles County, William F. Fahey, Judge. Affirmed in part; reversed in part.

Thomas W. Kielty for Plaintiff and Appellant.

Law Offices of Scott M. Richter and Scott M. Richter for Defendants and Respondents.

_____

## INTRODUCTION

Plaintiff David Benitez appeals an order of dismissal of his second amended complaint (SAC) against defendants Ross Williams (Ross) and Devon Williams (Devon).[1] The SAC set forth a copyright infringement cause of action and various state law claims. The superior court ordered plaintiff to "remove" the suit to federal court and, when plaintiff did not do so, dismissed the SAC.

The court's order of dismissal was based on two erroneous assumptions. The first was that Benetiz could remove the case to federal court. Only a defendant, however, can file a notice of removal.

The superior court also assumed that plaintiff could not maintain concurrent state and federal actions arising out of the same facts and circumstances. Rather, the court concluded, plaintiff was required to litigate his entire lawsuit, including his state law claims, in federal court. This was error.

We conclude that the superior court's dismissal of plaintiff's copyright infringement cause of action was not a miscarriage of justice because the federal courts have exclusive jurisdiction over such claims. We further conclude, however, that the superior court's dismissal of plaintiff's state law causes of action was reversible error because the court had subject matter jurisdiction and the plaintiff had the right to pursue those claims in state court.

## FACTUTAL AND PROCEDURAL BACKGROUND

Although the record is unclear, it is undisputed that the trial court adjudicated defendants' demurrer to plaintiff's first amended complaint (FAC). The parties agree that the court sustained the demurrer to some causes of action without leave to amend, sustained the demurrer to one cause of action with leave to amend, and overruled the demurrer to other causes of action. Defendants contend that the court's order granted

---

[1]     Plaintiff filed suit in his individual capacity and on behalf of The Osker Partnership. Ross was sued as an individual and in his capacity as president of his professional law corporation.

plaintiff leave to file the SAC on or before September 19, 2011.  Plaintiff did not meet that alleged deadline.

On September 20, 2011, plaintiff filed a motion for leave to file the SAC.  The gravamen of the SAC was that in the late 1990's plaintiff, Devon and Phil Drazic formed a musical group known as "Osker," as well as a business partnership known as "The Osker Partnership," which received royalties from third parties.  The SAC alleges that after Drazic departed from the partnership pursuant to a written agreement (Drazic agreement), plaintiff and Devon agreed to split partnership proceeds evenly.  The SAC further alleges that Devon formed a conspiracy with Ross to wrongfully divert partnership proceeds to Devon.  Ross is allegedly Devon's father and an attorney who represented The Osker Partnership.

Based on these underlying allegations, the SAC set forth causes of action for (1) conspiracy to defraud by fraudulent concealment, (2) breach of fiduciary duty, (3) conversion, (4) breach of the implied partnership agreement, (5) breach of the Drazic agreement, and (6) copyright infringement.  The SAC was apparently plaintiff's first complaint to include a copyright infringement cause of action.

The trial court granted plaintiff's motion for leave to file the SAC.  The court, however, also ordered plaintiff to remove the case to federal court on the grounds that the federal court had "exclusive jurisdiction of all copyright actions, and the state courts may not preside over them, so the pending state court claims would go along with the copyright claim to the federal court."  At the hearing on the motion, plaintiff's counsel asked whether only defendants could remove a case to federal court.  The court replied, "I don't think that's necessarily the case."  Immediately after the hearing, the court entered a minute order requiring plaintiff to remove the case to federal court by November 14, 2011.

Before November 14, 2011, plaintiff filed four sets of papers, all of which essentially advised the trial court that he could not comply with the court's order because only defendants could remove a case to federal court.[2] The trial court denied plaintiff any relief on various procedural and technical grounds, including plaintiff's failure to provide defendants with proper notice. On November 16, 2011, the trial court entered an Order to Show Cause Re: Dismissal on January 6, 2011.

On January 6, 2012, the court entered an unsigned minute order stating: "The Second Amended Complaint was filed alleging copyright violations, so it must be in Federal Court. The Court previously ordered the plaintiff to remove it, plaintiff declined. [¶] The case is ordered DISMISSED WITHOUT PREJUDICE and Plaintiff can refile the case [in] Federal Court."

Later that day, plaintiff filed a complaint against defendants in the United States District Court for the Central District of California (federal action). Shortly thereafter, plaintiff filed an amended complaint, which set forth both state law claims and copyright infringement claims based on essentially the same facts and circumstances that gave rise to the SAC in this action. On April 9, 2012, plaintiff voluntarily dismissed the federal action.[3]

---

[2] Plaintiff filed (1) a "Request for Clarification of Court Order," (2) "Application for Reconsideration of Court Order" pursuant to Code of Civil Procedure section 1008, (3) an "Ex Parte Application Re Removal Procedure, Jurisdiction Issues, Enforcement of Prior Court Orders," and (4) a "Notice of Inability to Comply with Court Order and Good Faith Efforts to Bring it to the Court's Attention."

[3] Defendants contend that plaintiff dismissed the federal action only after they served plaintiff with a proposed motion for sanctions under rule 11 of the Federal Rules of Civil Procedure (28 U.S.C.) (Rule 11 motion). Plaintiff contends he dismissed the federal action in light of his attorney's additional research regarding copyright infringement, and that defendants served the Rule 11 motion after he agreed to the dismissal.

On or about April 11, 2012, plaintiff filed a motion requesting the superior court to set aside the January 6, 2012, order dismissing the action (set aside motion). The motion also requested leave to file a third amended complaint, which did not include a copyright infringement cause of action. The trial court apparently denied this motion, though a copy of the relevant order is not in the record. On or about May 7, 2012, plaintiff filed a motion for reconsideration, seeking the same relief in his set aside motion.

On June 15, 2012, the trial court denied plaintiff's motion for reconsideration. The court also entered a signed order dismissing the action without prejudice on the grounds that the SAC alleged a copyright infringement cause of action and plaintiff did not comply with the court's order to remove the action to federal court. Plaintiff filed a timely notice of appeal of the June 15, 2012, order.[4]

## DISCUSSION

The federal courts have exclusive jurisdiction over copyright infringement causes of action. (28 U.S.C. § 1338; *Sears, Roebuck & Co. v. Stiffel Co.* (1964) 376 U.S. 225, 231, fn. 7.) The trial court thus correctly determined that it did not have subject matter jurisdiction over plaintiff's copyright infringement claim.

The court, however, erroneously assumed that it could order plaintiff to remove the case to federal court. Only a defendant can remove a case from state court to federal court. (28 U.S.C. §§ 1441, 1446; *Shamrock Oil Corp. v. Sheets* (1941) 313 U.S. 100, 104; *Westwood Apex v. Contreras* (9th Cir. 2011) 644 F.3d 799, 804-805.)

By ordering plaintiff to remove the case and then dismissing plaintiff's action for failing to comply with that order, the superior court erred. We cannot, however, reverse the court's order of dismissal unless the error was prejudicial. (Code Civ. Proc., § 475.) We hold that the superior court's error was harmless to the extent the court dismissed plaintiff's sixth cause of action for copyright infringement. Because the court had the

---

[4] The June 15, 2012, order was entered nunc pro tunc to correct a clerical error in the January 6, 2012, order. The operative provisions of the order relating to the dismissal of plaintiff's action are exactly the same as the order dated January 6, 2012.

5

inherent power to determine its own jurisdiction (*Brown v. Desert Christian Center* (2011) 193 Cal.App.4th 733, 740), it was entitled to sua sponte dismiss plaintiff's copyright infringement cause of action for lack of subject matter jurisdiction.

The superior court did not have the same power with respect to plaintiff's state law claims. As a court of general jurisdiction, the superior court had subject matter jurisdiction over these claims.[5] The court therefore did not have the authority to dismiss plaintiff's state law claims for lack of subject matter jurisdiction.

The sole ground for the court's dismissal of plaintiff's state law claims was that they were alleged in the same pleading as his copyright cause of action. The court's unstated assumption was that plaintiff could not concurrently pursue a state court action on his state law claims and a federal action on his copyright infringement claim. This was not true. A plaintiff can maintain concurrent state and federal court actions arising from the same facts and circumstances (*Wilton v. Seven Falls Co.* (1995) 515 U.S. 277, 284; *Fowler v. Ross* (1983) 142 Cal.App.3d 472, 476-477), albeit the plaintiff risks having his or her state court or federal court action barred by res judicata if a judgment is rendered in the other case. (2 Witkin, Cal. Procedure (5th ed. 2008) Jurisdiction, § 435, p. 1089.)

Both federal and California state courts have grappled with the issues raised when concurrent state and federal court cases regarding the same subject matter are pending. The seminal federal case is *Colorado River Water Cons. Dist. v. U. S.* (1976) 424 U.S. 800 (*Colorado River*). There, the United States Supreme Court held that in limited circumstances a district court may abstain from exercising jurisdiction over a case while a concurrent state court action is pending. (*Id.* at pp. 817-818.) *Colorado River*

---

5      State law causes of action are preempted to the extent they assert rights equivalent to the exclusive rights protected by federal copyright law. (*Kabehie v. Zoland* (2002) 102 Cal.App.4th 513, 517.) Defendants do not contend plaintiff's state law claims are preempted by federal copyright law or that the trial court did not otherwise have subject matter jurisdiction over these claims. We express no opinion on the merits of plaintiff's state law claims.

6

abstention is based on "considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.' " (*Id.* at p. 817; see also *Moses H. Cone Hospital v. Mercury Constr. Corp.* (1983) 460 U.S. 1, 14-16.)

Likewise, "[i]t is black letter law that, when a federal action has been filed covering the same subject matter as is involved in a California action, the California court has the discretion but not the obligation to stay the state court action." (*Caifa Prof. Law Corp. v. State Farm Fire & Cas. Co.* (1993) 15 Cal.App.4th 800, 804.) In exercising its discretion, the superior court should consider a number of factors, including whether the plaintiff's choice to litigate in two forums was designed solely to harass the adverse party and the importance of avoiding unseemly conflicts with the federal court. (*Farmland Irrigation Co. v. Dopplmaier* (1957) 48 Cal.2d 208, 215.)

Here, at the time the superior court dismissed plaintiff's suit, there was no pending federal action. Thus the court did not yet face potential problems with concurrent pending suits. Moreover, there were no other grounds for the superior court to abstain from adjudicating plaintiff's state law claims. The superior court's dismissal of plaintiff's state law claims therefore was a miscarriage of justice.

It is worth noting that plaintiff was a California resident who sought to litigate California state law claims against California residents in California state court. Under these circumstances, the superior court should have given plaintiff's choice of forum great deference. (See *Stangvik v. Shiley Inc.* (1991) 54 Cal.3d 744, 754 [analyzing plaintiff's choice of forum for purposes of forum non conveniens]; *Thompson v. Continental Ins. Co.* (1967) 66 Cal.2d 738, 742 [a determination that plaintiff resides in California ordinarily limits the forum non conveniens doctrine because of "a state policy that California residents ought to be able to obtain redress for grievances in California courts, which are maintained by the state for their benefit"].)

7

## DISPOSITION

The superior court's June 15, 2012, order of dismissal is affirmed to the extent it dismissed plaintiff's sixth cause of action for copyright infringement, and reversed to the extent it dismissed plaintiff's first five causes of action. In the interests of justice, both sides shall bear their own costs on appeal.

**CERTIFIED FOR PUBLICATION**


KITCHING, J.

We concur:


KLEIN, P. J.


CROSKEY, J.

8