Filed 5/26/26  Walker v. Gilligan CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| LUKE WALKER,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>VINCE GILLIGAN,<br><br>    Defendant and Respondent. | B349571<br><br>(Los Angeles County<br>Super. Ct. No. 25STCV07041) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Rolf M. Treu and James I. Montgomery, Judges.  Affirmed.

Luke Walker, in pro. per., for Plaintiff and Appellant.

Mitchell, Silberberg & Knupp, Elaine K. Kim, James D. Berkley for Defendant and Respondent.

_____

## MEMORANDUM OPINION[1]

Plaintiff and appellant Luke Walker, a self-represented litigant, sued defendant and respondent Vince Gilligan for copyright infringement. In the operative second amended complaint, Walker averred that Gilligan copied Walker's script when Gilligan created a television series titled *Breaking Bad*. Walker also sought leave to file an amended pleading that would have added a cause of action for fraudulent concealment against Gilligan. Gilligan demurred to the second amended complaint, arguing that the trial court lacked subject matter jurisdiction over Walker's cause of action for copyright infringement. The court agreed with Gilligan, entered a judgment of dismissal, and denied Walker's two motions to vacate the dismissal. Additionally, two trial judges assigned to this action rejected Walker's attempts to disqualify them.

Walker's challenge to the orders denying his requests to disqualify the two judicial officers is not properly before us. Further, Walker fails to show the trial court erred in dismissing this action because Walker does not challenge the court's rulings that it lacked jurisdiction over his copyright infringement claim and that the Copyright Act preempts his proposed fraudulent concealment claim. Finding no error, we affirm the judgment.

---

[1] We resolve this case by memorandum opinion because it "raise[s] no substantial issues of law or fact . . . ." (Cal. Stds. Jud. Admin., § 8.1.)

## A.    Procedural Background[2]

We summarize only those facts pertinent to our disposition of this appeal.

On March 12, 2025, Walker filed his initial complaint against Gilligan, alleging a single cause of action for copyright infringement.  Two days later, Walker filed a first amended complaint.

On April 25, 2025, Walker filed a second amended complaint, again alleging a single cause of action against Gilligan for copyright infringement.  Walker averred Gilligan copied Walker's script titled *Speed Queen* when Gilligan created a television series called *Breaking Bad*.

On May 27, 2025, Gilligan demurred to the second amended complaint, arguing the trial court lacked subject matter jurisdiction over Walker's copyright infringement cause of action. That same day, Walker moved for leave to file a proposed third amended complaint that alleged a copyright infringement cause of action and a state-law fraudulent concealment cause of action. On June 4, 2025, Walker filed another motion for leave to file his proposed third amended complaint.  On June 17, 2025, the trial court vacated the hearings on Walker's two motions for leave to

---

[2] We derive our Procedural Background in part from undisputed aspects of the trial court's rulings, admissions made by the parties in their appellate briefing, and Gilligan's assertions that Walker does not contest in his reply.  (See *Association for Los Angeles Deputy Sheriffs v. County of Los Angeles* (2023) 94 Cal.App.5th 764, 772, fn. 2, 773–774 (*Association for Los Angeles Deputy Sheriffs*) [employing this approach].)

amend in light of the forthcoming July 3, 2025 hearing on Gilligan's demurrer.

On July 3, 2025, the trial court, Judge Rolf M. Treu presiding, heard Gilligan's demurrer, ruled that the second amended complaint should be dismissed because Walker did not timely seek leave to file that amended pleading, and directed Gilligan's counsel to submit a proposed judgment of dismissal. The court also vacated the July 28, 2025 hearing Walker had scheduled on a third motion for leave to amend that he had filed on the date of the hearing on Gilligan's demurrer.

On July 10, 2025, Walker moved to vacate the dismissal under Code of Civil Procedure section 473, subdivision (b).

On August 4, 2025, the trial court heard and denied Walker's motion to vacate. The court found Walker had not offered any evidence or argument showing relief was warranted under Code of Civil Procedure section 473. The court further found that Walker had cited no authority that required the court to hear a pending request for leave to amend before dismissing the second amended complaint, "the demurrer to the [second amended complaint] was well taken on substantive grounds, . . . and allowing amendment to file the [third amended complaint] would have been a futile act." Also on that date, the court signed and filed the judgment of dismissal.

On the date the trial court denied Walker's motion to vacate and issued the judgment of dismissal, that is, on August 4, 2025, Walker filed a motion to vacate the dismissal order and the order denying his first motion to vacate.

4

On August 11, 2025, Judge Treu struck Walker's statement seeking to disqualify him from presiding over the action.[3] Also on that date, the case was reassigned to Judge James I. Montgomery.[4] On August 20, 2025, Judge Montgomery struck Walker's statement seeking to disqualify him from the case.

On September 5, 2025, Judge Montgomery heard and denied Walker's second motion to vacate. The court reasoned that Walker's filing was, in effect, a motion for reconsideration that he failed to support with any new or different facts, circumstances, or law. Also on September 5, 2025, Walker appealed from the judgment of dismissal, and stated in the notice of appeal that he also sought review of "related orders denying Motion[s] to Vacate (Aug 4, 2025; Sept 5, 2025), refusal to grant leave to file [the third amended complaint], and orders striking disqualification motions."[5]

---

[3] Judge Treu had vacated the hearings on Walker's motions for leave to amend, heard Gilligan's demurrer and ruled that Walker's second amended complaint was subject to dismissal for failure to timely seek leave to amend, heard and denied Walker's first motion to vacate, and signed the judgment of dismissal.

[4] The case register indicates the matter was reassigned to Judge Montgomery as an "[i]nventory [t]ransfer."

[5] Although Walker seeks review of these "related orders" in his appeal from the judgment, he does not claim they are separately appealable.

**B. The Orders Rejecting Walker's Attempts To Disqualify Two Judicial Officers Are Not Properly Before Us**

"[A] petition for writ of mandate is the exclusive method by which a party may seek review of the question of the disqualification of a judge." (*Brown v. American Bicycle Group, LLC* (2014) 224 Cal.App.4th 665, 672.) Therefore, the orders rejecting Walker's attempts to disqualify Judges Treu and Montgomery are not properly before us. (See *ibid*.)[6] Although " 'a [party] may assert on appeal a claim of denial of the due process right to an impartial judge[ ]' " (see *Brown*, at p. 673), Walker does not raise any such claim in his briefing.

**C. Walker Fails To Demonstrate The Trial Court Erred In Entering the Judgment of Dismissal**

As we noted in our Procedural Background, the trial court dismissed Walker's second amended complaint because Walker did not timely seek leave to file that pleading. (Part A, *ante*.) In its August 4, 2025 order denying Walker's first motion to vacate, the court further ruled: (1) Gilligan's demurrer to the second amended complaint was "well taken" because federal courts have exclusive jurisdiction over Walker's claim of copyright infringement; and (2) granting leave to amend would have been

---

[6] We note that on September 11, 2025, this court denied Walker's petition for writ of mandate challenging Judge Montgomery's August 20, 2025 order striking Walker's statement of disqualification. We, sua sponte, take judicial notice of Walker's petition for writ of mandate and this court's order denying that petition in case No. B348667. (Evid. Code, §§ 452, subd. (d), 459.)

futile because Walker's proposed third amended complaint (a) reasserted the copyright infringement claim over which the court lacked jurisdiction and (b) raised a fraudulent concealment cause of action that is preempted by the Copyright Act.

As we explain below, Walker does not rebut the presumption of correctness accorded to the trial court's rulings that Gilligan's demurrer was meritorious and the fraudulent concealment claim is preempted. We also reject Walker's challenge to the court's orders denying his motions to vacate because that appellate claim hinges on his assertion the court erred in denying him leave to amend.

Accordingly, we affirm the judgment without reaching the court's alternative basis for dismissing the action, that is, Walker did not timely seek leave to file the second amended complaint. (See part C.1, *post* [noting that we may affirm the judgment if it is correct on any theory].) We also do not address Gilligan's contentions that (1) Walker failed to plead the essential elements of his fraudulent concealment cause of action, (2) that claim is time-barred, and (3) any error in denying leave to amend was rendered harmless by Walker's subsequent filing of another lawsuit against Gilligan.[7]

---

[7] We thus deny as moot Gilligan's motion for judicial notice of the complaint and docket sheet from Walker's subsequent action against Gilligan. (See *Association for Los Angeles Deputy Sheriffs*, *supra*, 94 Cal.App.5th at p. 796, fn. 30 [holding that a reviewing court may "deny[ ] a request for judicial notice of 'materials . . . not relevant to [the court's] determination of the issues on appeal' "].)

### 1.     Standards of Review

"The function of a demurrer is to test the sufficiency of the complaint as a matter of law, and it raises only a question of law. [Citations.]  On a question of law, we apply a de novo standard of review on appeal." (*Holiday Matinee, Inc. v. Rambus, Inc.* (2004) 118 Cal.App.4th 1413, 1420.)

" 'We review the trial court's decision not to grant leave to amend for abuse of discretion.  [Citation.]  " '[W]e must decide whether there is a reasonable possibility the plaintiff could cure the defect with an amendment.  [Citation.]  If we find that an amendment could cure the defect, we conclude that the trial court abused its discretion and we reverse; if not, no abuse of discretion has occurred.  [Citation.]  The plaintiff has the burden of proving that an amendment would cure the defect.' [Citations.]" [Citation.]' [Citation.]" (*Black v. Los Angeles County Metropolitan Transportation Authority* (2025) 116 Cal.App.5th 677, 685 (*Black*).)

" ' "Even when our review on appeal 'is de novo, it is limited to issues which have been adequately raised and supported in [the appellant's opening] brief. . . .' " [Citation.]  To succeed[,] . . . [an appellant] must first establish error . . . .  " '[T]he most fundamental rule of appellate review is that an appealed judgment or order is presumed to be correct.' [Citation.]  It is the appellant who bears the burden of overcoming that presumption." [Citation.]' [Citation.]  To 'rebut[ ] the presumption of correctness accorded to the [lower] court's decision,' the appellant must ' " ' "supply[ ] the reviewing court with some cogent argument supported by legal analysis and citation to the record." ' [Citation.]" [Citations.]' [Citation.]" (*Cruz v. Tapestry, Inc.* (2025) 113 Cal.App.5th 943, 953–954.)

" ' " ' "We are not bound by the trial court's reasoning and may affirm the judgment if correct on any theory." ' [Citation.]" [Citation.]' [Citation.]" (*Black*, *supra*, 116 Cal.App.5th at p. 685.)

The rules of appellate procedure apply to Walker even though he is a self-represented party. (*Scholes v. Lambirth Trucking Co.* (2017) 10 Cal.App.5th 590, 595.) Accordingly, Walker " ' "is entitled to the same, but no greater consideration than other litigants and attorneys. [Citation.]" ' [Citation.]" (*Ibid.*)

> 2. *Walker does not contest the trial court's finding that it lacked subject matter jurisdiction over his copyright infringement cause of action*

Title 28 United States Code section 1338, subdivision (a) provides that "district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to . . . copyrights," and that "[n]o State court shall have jurisdiction over any claim for relief arising under any Act of Congress relating to . . . copyrights." (See 28 U.S.C. § 1338, subd. (a).) This statute confers upon "federal courts . . . *exclusive* jurisdiction over copyright infringement causes of action." (See *Benitez v. Williams* (2013) 219 Cal.App.4th 270, 275, italics added, citing, inter alia, 28 U.S.C. § 1338.)

Applying the above statute to the instant case, the trial court found it lacked subject matter jurisdiction over Walker's cause of action for copyright infringement. Walker does not contest this ruling. In fact, he intimates in his reply brief that the court was "jurisdictionally barred" from adjudicating his "copyright claim . . . ." Walker thus fails to overcome the presumption of correctness accorded to the court's rulings that

9

Gilligan's demurrer was "well taken" and that granting Walker leave to replead this cause of action would have been futile.

### 3. *Walker does not challenge the trial court's ruling that his proposed fraudulent concealment cause of action is preempted by the Copyright Act*

" 'A state law cause of action is preempted by the Copyright Act if two elements are present. First, the rights that a plaintiff asserts under state law must be "rights that are equivalent" to those protected by the Copyright Act. [Citations.] Second, the work involved must fall within the "subject matter" of the Copyright Act . . . . [Citation.]' [Citation.]" (*Melchior v. New Line Productions, Inc.* (2003) 106 Cal.App.4th 779, 791 (*Melchior*).)

In concluding the Copyright Act preempts Walker's fraudulent concealment cause of action, the trial court remarked, "The fraudulent concealment claim arises out of the same underlying facts as the copyright infringement claim. Specifically, the Proposed [third amended complaint] alleges that '[Gilligan] knowingly concealed the origin of core creative elements used in *Breaking Bad* that were derived from *Speed Queen.*' " (Italics added.) The court also indicated that Walker intended to " 'assert rights equivalent to the exclusive rights protected by federal copyright law.' "

Walker offers no rebuttal to the trial court's ruling that his state-law fraudulent concealment cause of action is preempted by federal law. Instead, Walker argues the court abused its discretion in denying him leave to amend because there was "a reasonable possibility" he could allege facts "showing why [his fraudulent concealment cause of action] could not have been discovered earlier despite diligence." This contention concerns

10

only the timeliness of the claim. It has no bearing on whether Walker asserts " ' "rights that are equivalent" to those protected by the Copyright Act' " or whether " 'the work involved . . . fall[s] within the "subject matter" of the Copyright Act . . . . [Citation.]' [Citation.]" (See *Melchior*, *supra*, 106 Cal.App.4th at p. 791.) Hence, Walker fails to discharge his burden of showing he could amend his pleading to aver a viable fraudulent concealment claim against Gilligan.

## DISPOSITION

We deny as moot the motion for judicial notice filed by defendant and respondent Vince Gilligan on April 23, 2026. We affirm the judgment. Gilligan is awarded his costs on appeal.

NOT TO BE PUBLISHED.

BENDIX, J.

We concur:

ROTHSCHILD, P. J.

WEINGART, J.

11